*598 OPINION OF THE COURT
Memorandum.
Order unanimously reversed without costs, motion for summary judgment granted in favor of plaintiff in the principal sum of $1,839.32, and matter remanded to the court below for further proceedings in accordance with the decision herein.
Pursuant to Insurance Law § 5106, plaintiff seeks to recover no-fault benefits for medical services from defendant, as well as attorney’s fees, interest, costs and disbursements. It is uncontroverted that defendant received plaintiff’s claim on April 6, 1999. By letter dated April 8, 1999, defendant requested verification from plaintiff, to wit, that its assignor submit to an independent medical examination (IME) (11 NYCRR 65.15 [d] [3]). Such examination was performed on June 10, 1999, and defendant subsequently denied the claim on July 12, 1999.
After submitting its April 8, 1999 request for an IME pursuant to 11 NYCRR 65.15 (d) (1), defendant had 30 days therefrom in which to schedule the examination (11 NYCRR 65.15 [d] [3]). An IME verification is deemed to have been received by the insurer on the day the examination is performed (11 NYCRR 65.15 [g] [1]). If defendant did not schedule the IME or the assignor did not submit to the IME within this time period, defendant should have either denied or paid the claim within 30 days pursuant to 11 NYCRR 65.15 (g), or followed up with another verification request within the ensuing 10 days (11 NYCRR 65.15 [e] [2]).
The record on appeal clearly indicates that defendant did not receive the IME verification within 30 days of its original request, and there is no indication that it followed up with an additional request for verification within the ensuing 10 days. The record only indicates that defendant waited until it received the IME verification on June 10, 1999 and then waited more than 30 days therefrom to deny the claim. The record is devoid of any information as to what attempts defendant made to timely schedule the IME within 30 days of its original request for verification, whether the assignor was scheduled to appear prior to June 10, 1999, but did not, or why, after defendant received the IME verification, it did not pay or deny the claim by July 10th.
Clearly, under any scenario, defendant’s July 12, 1999 denial is untimely and, in view of defendant’s overall conduct in the case at bar, we find that it failed to demonstrate due diligence. *599 Considering the purpose and the speedy payment objective of the No-Fault Law, we find that preclusion is the proper remedy (Presbyterian Hosp. v Maryland Cas. Co., 90 NY2d 274, 284). Accordingly, plaintiffs motion for summary judgment is granted, plaintiff is awarded $1,839.32, and the matter is remanded to the court below for a calculation of the statutory interest on the claim and attorney’s fees (Insurance Law § 5106 [a]; 11 NYCRR 65.15 [h] [1]; 67.17 [b] [6] [iii], [v]; see also, St. Clare’s Hosp. v Allstate Ins. Co., 215 AD2d 641).
Aronin, J. P., Golia and Rios, JJ., concur.