*44 OPINION OF THE COURT
Memorandum.
Order unanimously modified by providing that plaintiffs motion is granted to the extent of awarding plaintiff partial summary judgment in the sum of $2,598.04, and matter remanded to the court below for the calculation of statutory interest and an assessment of attorney’s fees, and for all further proceedings on the remaining portion of the claim in accordance with the decision herein; as so modified, affirmed without costs.
In this action to recover $2,998.04 in assigned first-party no-fault insurance benefits, defendant insurer denied all but $780.96 of plaintiffs $3,779 claim for medical equipment on the ground that the supplier’s prices exceeded the prevailing rates for such equipment in plaintiffs “geographic location” (cf. 11 NYCRR 68.5 [b]) and because certain of the items claimed, two “TENS Belts” ($78) and two “TENS Accessory Kits” ($122), were duplicative of other items for which benefits were paid. In Kings Med. Supply v Allstate Ins. Co. (2 Misc 3d 140[A], 2004 NY Slip Op 50280[U] [App Term, 9th & 10th Jud Dists]), the court concluded that because the Insurance Department regulation permitting reference to “the prevailing fee in the geographic location of the provider” pertains only where “the superintendent has not adopted or established a fee schedule applicable to the provider” (11 NYCRR 68.5 [b]), and that the regulatory limitation on a provider’s medical equipment to 150% of cost (11 NYCRR Appendix 17-C, part E [b] [1]) is an applicable fee schedule within the contemplation of 11 NYCRR 68.5 (b), an insurer may not deny a claim on the ground that the fees alleged exceeded the prevailing rates in the provider’s geographical location. If, as defendant urges, the premises underlying the determination that such a rule “help[s] contain the no-fault premium” (Goldberg v Corcoran, 153 AD2d 113, 118 [1989] [internal quotation marks omitted]) are unsound, the solution is remedial action by the appropriate regulatory authority. Defendants claim denial, although timely, was factually insufficient in that it failed to provide any specifics with regard to its conclusory defense that certain of the prescribed medical equipment was duplicative. Under the circumstances, the defenses proffered in the denial forms were ineffective to avoid preclusion. A timely denial alone does not avoid preclusion where said denial is factually insufficient, conclusory, vague or otherwise involves a defense which has no merit as a matter of law (Insurance Law § 5106 [a]; Mount Sinai Hosp. v Triboro Coach, 263 *45 AD2d 11 [1999]; Amaze Med. Supply v Eagle Ins. Co., 2 Misc 3d 128[A], 2003 NY Slip Op 51701[U] [App Term, 2d & 11th Jud Dists]).
However, plaintiff’s proof in support of the summary judgment motion included previously unproduced documents revealing that the equipment prescribed each assignor did not include the aforementioned “TENS accessory kit” ($122) and “TENS belt with straps” ($78), listed in the equipment provided each assignor and for which plaintiff sought $400 in no-fault health benefits. As we noted in Amaze Med. Supply v Eagle Ins. Co. (supra), where a plaintiff interjects an issue of fact in support of its motion for summary judgment which, if true, negates its prima facie case, if not amounting to a complete defense to a portion of the claim, namely, that the cost of unprescribed medical equipment is not a recoverable no-fault benefit, plaintiff should be estopped from invoking the waiver and preclusion rules which would otherwise apply in a no-fault benefits action (see 11 NYCRR 65.15 [d] [1], [2]; Central Gen. Hosp. v Chubb Group of Ins. Cos., 90 NY2d 195, 199 [1997]; New York & Presbyt. Hosp. v American Tr. Ins. Co., 287 AD2d 699, 701 [2001]). The defect was not apparent on the face of an otherwise sufficient claim, and insurers should not be required to demand such verification in every case to preserve the defense where no basis therefor is discerned, to the detriment of the purposes of the no-fault legislation, in essence, “to encourage prompt payment of claims, to discourage investigation by insurers and to penalize delays” (Dermatossian v New York City Tr. Auth., 67 NY2d 219, 225 [1986]).
Thus, partial summary judgment should have been granted in the amount of $2,598.04. The matter is remanded to the court below for a calculation of the statutory interest and attorney’s fees due on said amount (Insurance Law § 5106 [a]; 11 NYCRR 65.15 [h] [1]; 65.17 [b] [6]; St. Clare’s Hosp. v Allstate Ins. Co., 215 AD2d 641 [1995]), and for all further proceedings on the remainder of the claim.
Pesce, P.J., Patterson and Golia, JJ., concur.