OPINION OF THE COURT
Memorandum.
Order, insofar as appealed from, unanimously reversed without costs, plaintiffs motion for summary judgment granted and matter remanded to the court below for the calculation of statutory interest and an assessment of attorney’s fees.
Plaintiff commenced this action to recover $1,606.87 in first-party no-fault benefits, as well as statutory interest and attorney’s fees, for medical services rendered to its assignor, pursuant to Insurance Law § 5101 et seq. Thereafter, plaintiff moved for summary judgment and defendant cross-moved for summary judgment dismissing the complaint. Both motions were denied by order entered May 14, 2003.
Contrary to the determination of the court below, we find that the affidavit of plaintiffs billing manager, though imprecisely worded, sufficed to establish its cause of action prima facie (CPLR 4518 [a]; People v Kennedy, 68 NY2d 569 [1986]; Damadian MRI in Elmhurst v Liberty Mut. Ins. Co., 2 Misc 3d 128[A], 2003 NY Slip Op 51700[U] [App Term, 9th & 10th Jud Dists 2003]). Moreover, the billing manager was not required to have personal medical knowledge to establish the medical necessity of the claim inasmuch as a prima facie showing of entitlement to summary judgment is established in the first instance by the submission of a properly completed claim form (see Damadian MRI in Elmhurst v Liberty Mut. Ins. Co., supra; Amaze Med. Supply v Eagle Ins. Co., 2 Misc 3d 128[A], 2003 NY Slip Op 51701[U] [App Term, 2d & 11th Jud Dists 2003]). Consequently, the burden shifted to defendant to show a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
It is uncontroverted that defendant’s denial was made within 30 days of its receipt of the claim (see Insurance Law § 5106 [a]). However, inasmuch as the peer review, upon which the denial is based, concludes that there was no medical necessity due to the lack of sufficient information upon which the reviewer could make such a determination, we find that the denial did not “fully and explicitly” set forth the reasons therefor (section 31 of the NF-10 form), did not inform plaintiff of defendant’s position regarding the disputed matter, and, thus, *97 did not set forth a factual basis and medical rationale sufficient to establish the absence of medical necessity (see Amaze Med. Supply v Eagle Ins. Co., supra). Accordingly, defendant is precluded from asserting the defense of lack of medical necessity (Amaze Med. Supply v Eagle Ins. Co., supra).
In view of the foregoing, plaintiff is granted summary judgment in the amount of $1,606.87, and the matter is remanded for the calculation of statutory interest and an assessment of attorney’s fees pursuant to Insurance Law § 5106 (a) and the regulations promulgated pursuant thereto.
McCabe, EJ., Rudolph and Angiolillo, JJ., concur.