OPINION OF THE COURT
Milagros A. Matos, J.
*850 Plaintiff health care provider East Acupuncture, PC., as assignee of Arkady Derin, Denis Vassiljev, Stella Martyanova, Leonid Petlakh, Vickran Mohabir, Dora Simcha and Leon Diggs, instituted this action to recover first-party no-fault benefits from defendant Allstate Ins. Co. The patients were injured on January 17, 2001, January 17, 2001, June 21, 2001, April 4, 2001, November 20, 2001, and February 9, 2001. Plaintiff moved for an order pursuant to CPLR 3212 for summary judgment. After appearing for oral argument on the motion before this court, the parties entered into a stipulation of settlement wherein, inter alia, they agreed to settle the above claims as follows:
On all claims, 80% of the outstanding principle plus;
On claims that have been timely denied, 100% of interest beginning from the date plaintiffs complaint was filed, and
On claims that have no denials, 90% of interest beginning 30 days after insurer received the claim, and
On claims that have not been timely denied, 100% of interest, beginning either from 30 days after insurer received the claim or the date plaintiffs complaint was filed, to be determined by the court.
This court is asked to determine at what point interest begins to accrue on an untimely denial and/or improper denial under the no-fault regulations. It is plaintiffs contention that interest on untimely and/or improper denials received by an assignee/ medical provider should begin to accrue 30 days after an insurer receives a proper proof of claim. Defendant argues that interest should not accrue until the no-fault claimant requests arbitration or institutes a lawsuit when that claimant has not done so within 30 days after receipt of the denial.
The former insurance regulations, 11 NYCRR 65.15, apply to claims submitted before April 5, 2002. (See King's Med. Supply, Inc. v Kemper Auto & Home Ins. Co., 3 Misc 3d 131 [A], 2004 NY Slip Op 50401[U] [App Term, 2d & 11th Jud Dists 2004].) With regard to the date that interest accrues on an overdue* no-fault claim, the applicable provisions of the former insurance regulations require the same analysis as the new regulations.
11 NYCRR 65.15 (h) (11 NYCRR 65-3.9 under the revised regulations), entitled “Interest on overdue payments,” provides:
“(1) All overdue mandatory personal injury protec *851 tion benefits due an applicant or assignee shall bear interest at a rate of two percent per month, compounded and calculated on a pro rata basis using a 30-day month. The aforementioned two-percent per-month interest shall also be payable on all overdue additional personal injury protection benefits due an applicant or assignee as a result of an accident occurring on or after January 1, 1982. When payment is made on an overdue claim, any interest calculated to be due in an amount exceeding $5 shall be paid to the applicant or the applicant’s assignee without demand therefor.
“(2) The insurer shall not suggest that the interest due be waived.
“(3) If an applicant does not request arbitration or institute a lawsuit within 30 days after the receipt of a denial of claim form or payment of benefits calculated pursuant to Insurance Department regulations, interest shall not accumulate on the disputed claim or element of claim until such action is taken.”
Under 11 NYCRR 65.15 (h) (3), if “applicant” fails to institute a lawsuit within 30 days after the receipt of a denial of claim form or payment of benefits, interest accrues from the date plaintiff institutes the lawsuit, not 30 days after the insurer received the proof of claims. In the instant matter, the plaintiff, a medical provider/assignee, did not request arbitration or institute a lawsuit within 30 days after receipt of the denial of claim form. Plaintiff did not file a lawsuit until June 18, 2004, some two years after receipt of defendant’s denial. Nevertheless, plaintiff argues that 11 NYCRR 65.15 (h) (3) does not apply to an assignee, that 11 NYCRR 65.15 (h) (1) should apply to the instant claims, and that plaintiff should be awarded interest from 30 days after the insurer received the proof of claims.
Plaintiff contends that the insurance regulations make a distinction between an “applicant” and an “assignee.” Under 11 NYCRR 65.15 (h) (1), the words “applicant” and “assignee” are both used to describe a beneficiary of statutory interest, yet 11 NYCRR 65.15 (h) (3) uses only the word “applicant.” Plaintiff contends that the Superintendent of Insurance, when promulgating the regulations at issue, specifically and intentionally distinguished between an “applicant” and “assignee.” Under a plain reading of the regulation, plaintiff argues, an “applicant” is meant only to encompass an assignor, the party *852 initially entitled to no-fault benefits before those benefits are assigned. Therefore, it is plaintiff’s contention that since 11 NYCRR 65.15 (h) (3) specifically leaves out the word “assignee,” the limitations on statutory interest imposed by that section do not apply to an assignee such as plaintiff.
Defendant would have this court read the language of 11 NYCRR 65.15 (h) (3) to include an assignee. Defendant argues that an “applicant” and “assignee” are essentially the same entity for the purposes of 11 NYCRR 65.15 (h) (3). Defendant contends that once a claimant for no-fault benefits has knowledge that a denial has been issued, that claimant is under an obligation to initiate the lawsuit should he wish interest to accrue, whether that claimant is an “applicant” or an “assignee.”
Both sides present public policy arguments supporting their positions. Defendant states that the regulation is “clear and unambiguous” and that “common sense dictates that the purpose of the regulation is to preclude a plaintiff from waiting years to submit a claim and then demand interest for those years waited.” It is plaintiffs position that such precise wording was contemplated and utilized by the Superintendent of Insurance because 11 NYCRR 65.15 (h) (3) would be overly burdensome if applied to a medical provider. Specifically, plaintiff argues that a medical provider/assignee such as the assignee in the instant action, with multiple dates of service to multiple patients/assignors, would be obligated to institute lawsuits after each date of service in order to recover interest.
It is fundamental that a court, in interpreting a statute, should attempt to effectuate the intent of the Legislature, or in this case the Superintendent of Insurance. “Because the statutory text is the clearest indicator of legislative intent, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof.” (Matter of Jansen Ct. Homeowners Assn. v City of New York, 17 AD3d 588, 589 [2d Dept 2005].) Furthermore, “the No-Fault Law is in derogation of the common law and so must be strictly construed.” (Presbyterian Hosp. in City of N.Y. v Atlanta Cas. Co., 210 AD2d 210, 211 [2d Dept 1994].)
Under a strict interpretation of the regulation at issue, 11 NYCRR 65.15 (h) (3) does not apply to assignees. The decision of the Superintendent to omit the word “assignee” within 11 NYCRR 65.15 (h) (3) is a clear indication that the Superintendent intended to exclude assignees from this section’s application. (See McKinney’s Cons Laws of NY, Book 1, Statutes § 74 *853 [“A court cannot by implication supply in a statute a provision which it is reasonable to suppose the Legislature intended intentionally to omit”].) Evidence of the Superintendent’s intention to exclude assignees from 11 NYCRR 65.15 (h) (3) lies in the language of other sections of the regulations. The most relevant, 11 NYCRR 65.15 (h) (1), clearly distinguishes, twice, the entities that may claim interest under this section as either an “applicant” or “the applicant’s assignee.” The Superintendent could have included the word “assignee” in the language of 11 NYCRR 65.15 (h) (3) if it intended to impose the burden of obligating a medical provider/assignee to file a lawsuit within 30 days of receipt of the denial. Further, 11 NYCRR 65.15 (h) (3) under the former regulations and 11 NYCRR 65-3.9 under the revised regulations both omit the word “assignee.” This court cannot assume that the omissions from 11 NYCRR 65.15 (h) (3) and its revised version were merely an oversight by the Superintendent.
Defendant offers no reasonable explanation for the Superintendent’s omission. “It remains a basic principle of statutory construction that a court will not by implication read into a clause of a rule or statute for which ... no sound reason [can be found].” (Kurcsics v Merchants Mut. Ins. Co., 49 NY2d 451, 458 [1980] [internal quotation marks omitted].) This court must defer to the Superintendent’s special competence and expertise with respect to the insurance industry. (Matter of Medical Socy. of State of N.Y. v Serio, 100 NY2d 854 [2003].) As plaintiff and defendant both contend in their motion papers, the regulations at issue are clear and unambiguous.
Plaintiffs motion for summary judgment is granted to the extent that statutory interest on the above-settled claims shall be calculated pursuant to 11 NYCRR 65.15 (h) (1).

 11 NYCRR 65.15 (g) (11 NYCRR 65-3.8 under the new regulations) provides that no-fault benefits are overdue if not paid within 30 calendar days after the insurer receives proof of claim, including verification of all of the relevant information requested.