OPINION OF THE COURT
Memorandum.
Order, insofar as appealed from, affirmed without costs.
In this action to recover first-party no-fault benefits for medical services rendered to their assignors, plaintiffs moved for partial summary judgment in the sum of $5,460.79. On appeal, plaintiffs have limited their claim to the sum of $5,427.09. Plaintiffs established a prima facie entitlement to summary judgment by proof that they submitted the claims, setting forth the fact and the amounts of the losses sustained, and that payment of no-fault benefits was overdue (see Insurance Law § 5106 [a]; Mary Immaculate Hosp. v Allstate Ins. Co., 5 AD3d 742 [2004]; Amaze Med. Supply v Eagle Ins. Co., 2 Misc 3d 128[A], 2003 NY Slip Op 51701[U] [App Term, 2d & 11th Jud Dists 2003]).
In opposition to plaintiffs’ motion, defendant argued that the claims were properly and timely denied on the ground of lack of medical necessity based on peer review reports. For the reasons set forth herein, this defense is unavailing to defendant. We note initially that the record does not contain denial of claim forms submitted by A.B. Medical Services PLLC in the respec *10 tive sums of $71.40, $218.35 and $71.06. Having failed to pay or deny these claims within the 30-day statutory period (11 NYCRR 65-3.8 [c]), defendant is precluded from raising most defenses with respect to said claims (see Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., 90 NY2d 274, 282 [1997]).
It is uncontroverted on the record that the remaining claims were timely denied. However, a “timely denial alone does not avoid preclusion where said denial is factually insufficient, conclusory, vague or otherwise involves a defense which has no merit as a matter of law” (Amaze Med. Supply v Allstate Ins. Co., 3 Misc 3d 43, 44 [App Term, 2d & 11th Jud Dists 2004]; see also Nyack Hosp. v Metropolitan Prop. & Cas. Ins. Co., 16 AD3d 564 [2005]; Nyack Hosp. v State Farm Mut. Auto. Ins. Co., 11 AD3d 664, 665 [2004]). The claims by A.B. Medical in the sum of $1,144.65 ($182.37, $71.06 and $891.22) were denied for lack of medical necessity based on an annexed peer review which failed to state the factual basis and medical rationale for the recommended denial of said claims. A.B. Medical’s claim for $1,573.24 was denied on the ground of lack of medical necessity based on a peer review report which disallowed reimbursement of no-fault benefits due to the lack of sufficient information, including prior medical examinations, which the record indicates were available. In the absence of a showing by defendant that it attempted to procure these reports through verification requests for the purpose of conducting the peer review, defendant is precluded from asserting the defense of lack of medical necessity as to this claim (see 11 NYCRR 65-3.5 [b]; 65-3.6 [b]; A.B. Med. Servs. PLLC v American Mfrs. Mut. Ins. Co., 6 Misc 3d 133[A], 2005 NY Slip Op 50114[U] [App Term, 2d & 11th Jud Dists 2005]; Park Neurological Servs. P.C. v GEICO Ins., 4 Misc 3d 95 [App Term, 9th & 10th Jud Dists 2004]).
The remaining claims were denied for failure to establish medical necessity based on “peer review[s].” Although defendant was not required to attach to its denial of claim forms the peer reviews upon which the denials were purportedly based (see 11 NYCRR 65-3.8 [b] [4]; A.B. Med. Servs. PLLC v Nationwide Mut. Ins. Co., 7 Misc 3d 132[A], 2005 NY Slip Op 50605[U] [App Term, 2d & 11th Jud Dists 2005]), the defendant’s denial of claim forms fail to set forth with sufficient particularity the factual basis and medical rationale for its denials based on lack of medical necessity, and it is therefore precluded from asserting said defense (see Amaze Med. Supply v Allstate Ins. Co., 3 Misc 3d 43 [2004], supra).
*11 In opposition to plaintiffs’ motion, defendant also asserted the defense that plaintiffs’ assignor was involved in a fraudulent scheme to procure the subject insurance policy in order to pay reduced insurance premiums, and that, consequently, plaintiffs providers were not eligible to recover assigned no-fault benefits. Vehicle and Traffic Law § 313 provides in pertinent part: “(1) (a) No contract of insurance . . . shall be terminated by cancellation by the insurer until. . . after mailing to the named insured ... a notice of termination by regular mail. . . .” Vehicle and Traffic Law § 313 “supplants an insurance carrier’s common-law right to cancel a contract of insurance retroactively on the grounds of fraud or misrepresentation, and mandates that the cancellation of a contract pursuant to its provisions may only be effected prospectively” (Matter of Liberty Mut. Ins. Co. v McClellan, 127 AD2d 767, 769 [1987]; see also Matter of Cruz v New Millennium Constr. & Restoration Corp., 17 AD3d 19 [2005]; Matter of Metlife Auto & Home v Agudelo, 8 AD3d 571 [2004]; Matter of Integon Ins. Co. v Goldson, 300 AD2d 396 [2002]; Matter of Insurance Co. of N. Am. v Kaplun, 274 AD2d 293 [2000]). The statute “places the burden on the insurer to discover any fraud before issuing the policy, or as soon as possible thereafter, and protects innocent third parties who may be injured due to the insured’s negligence” (Matter of Insurance Co. of N. Am. v Kaplun, 274 AD2d at 298). There has been no allegation that defendant effectively cancelled the subject insurance policy pursuant to section 313.
However, case law has made clear that whereas the policy may not be retroactively cancelled, thereby protecting “innocent third parties who may be injured due to the insured’s negligence” (id. at 298), in “an action to recover benefits under a policy, the insurance carrier may assert as an affirmative defense that the insured’s misrepresentations and/or fraud in obtaining the policy precludes any recovery by the insured” (id. at 298-299). The issue presented here is whether, assuming the insurance policy was fraudulently procured, plaintiff health care provider is an “innocent” third party which case law protects and, thus, as assignee of the insured who allegedly perpetrated the fraud, acquires greater rights than had by the assignor. We hold that only innocent third parties who are injured are protected (id. at 298), and not a health care provider who deals with the assignor-insured at its peril in accepting an assignment of the insured’s no-fault benefits. Contrary to plaintiffs’ contention, the defense of fraudulent procurement of an insur *12 anee policy, which is nonwaivable and hence exempt from the 30-day preclusion rule, may be asserted as against plaintiffs providers in this action seeking to recover assigned no-fault benefits (cf. Matter of Metro Med. Diagnostics v Eagle Ins. Co., 293 AD2d 751, 751-752 [2002]). Upon our review of the record, we find that defendant’s submissions in support of its defense were sufficient to raise issues of fact as to whether the insurance policy was fraudulently procured. Therefore, plaintiffs’ motion for partial summary judgment was properly denied. To the extent that Ocean Diagnostic Imaging P.C. v Commerce Ins. Co. (7 Misc 3d 133[A], 2005 NY Slip Op 50642[U] [App Term, 2d & 11th Jud Dists 2005]) may be inconsistent with the determination herein, the dicta set forth therein should not be followed (see Ocean Diagnostic Imaging, P.C. v Nationwide Mut. Ins. Co., 11 Misc 3d 135[A], 2006 NY Slip Op 50477[U] [2006]).
Golia, J. (concurring with the result only, in the following memorandum): While I agree with the ultimate disposition in the decision reached by the majority, I wish to emphasize that I disagree with certain propositions of law set forth in cases cited therein which are inconsistent with my prior expressed positions and generally contrary to my views.
Pesce, EJ., and Rios, J., concur; Golia, J., concurs in a separate memorandum.