*31 OPINION OF THE COURT
Memorandum.
Order modified by providing that plaintiffs motion for summary judgment is granted to the extent of awarding plaintiff partial summary judgment in the sum of $3,971.20 and matter remanded to the court below for the calculation of statutory interest and assessment of attorney’s fees thereon and for all further proceedings on the remaining claim; as so modified, affirmed without costs.
In this action to recover first-party no-fault benefits, plaintiff A.B. Medical Services PLLC established a prima facie entitlement to partial summary judgment in the sum of $3,971.20, by proof that it submitted claims, setting forth the fact and the amounts of the losses sustained, and that payment of no-fault benefits was overdue (see Insurance Law § 5106 [a]; Mary Immaculate Hosp. v Allstate Ins. Co., 5 AD3d 742 [2004]; Amaze Med. Supply v Eagle Ins. Co., 2 Misc 3d 128[A], 2003 NY Slip Op 51701[U] [App Term, 2d & 11th Jud Dists 2003]). While the court below awarded plaintiff summary judgment in the sum of $4,061.96, in his affirmation in support of plaintiffs motion, David Safir, plaintiffs “practice and medical billing manager,” specifically requested summary judgment in the sum of $3,971.20. Plaintiff has failed to make out a prima facie entitlement to a claim for the additional sum of $90.76.
It is uncontroverted on the record that defendant timely denied A.B. Medical’s claims in the respective sums of $1,972.08 and $1,999.12. However, a timely denial alone does not avoid preclusion where said denial is factually insufficient, conclusory or vague (Amaze Med. Supply v Allstate Ins. Co., 3 Misc 3d 43 [App Term, 2d & 11th Jud Dists 2004]; see also Nyack Hosp. v Metropolitan Prop. & Cas. Ins. Co., 16 AD3d 564 [2005]; Nyack Hosp. v State Farm Mut. Auto. Ins. Co., 11 AD3d 664 [2004]). The claims were essentially denied for failure to establish medical necessity. Although defendant was not required to attach to its denial of claim forms the peer reviews upon which the denials were purportedly based (see 11 NYCRR 65-3.8 [b] [4]; A.B. Med. Servs. PLLC v Nationwide Mut. Ins. Co., 7 Misc 3d 132[A], 2005 NY Slip Op 50605[U] [App Term, 2d & 11th Jud Dists 2005]), defendant’s denial of claim forms fail to set forth with sufficient particularity the factual basis and medical rationale for its denial based on lack of medical necessity, and it is therefore precluded from asserting said defense (see Amaze Med. Supply v Allstate Ins. Co., 3 Misc 3d 43 [2004], supra). More *32 over, the peer reviews submitted by defendant in opposition to plaintiffs motion were unsworn, and therefore in inadmissible form (see A.B. Med. Servs. PLLC v Motor Veh. Acc. Indem. Corp., 6 Misc 3d 131[A], 2005 NY Slip Op 50088[U] [App Term, 2d & 11th Jud Dists 2005]; A.B. Med. Servs. PLLC v Lumbermens Mut. Cas. Co., 4 Misc 3d 86 [App Term, 2d & 11th Jud Dists 2004]). In any event, even assuming said reports’ admissibility and that they set forth a sufficient factual basis and medical rationale for denial of the claims, they cannot remedy the factual insufficiency of defendant’s denials (see Nyack Hosp. v State Farm Mut. Auto. Ins. Co., 11 AD3d 664 [2004], supra).