OPINION OF THE COURT
Memorandum.
Appeal as taken by plaintiff Lvov Acupuncture EC. dismissed.
Order modified by granting so much of the motion as sought summary judgment on behalf of plaintiffs A.B. Medical Services PLLC and D.A.V Chiropractic EC. to the extent of awarding partial summary judgment to plaintiff D.A.V Chiropractic EC. in the principal sum of $370.70 and awarding summary judgment to plaintiff A.B. Medical Services PLLC in the principal sum of $8,682.82, and matter remanded to the court below for the calculation of statutory interest and attorney’s fees thereon and for all further proceedings on the remaining claims; as so modified, affirmed insofar as reviewed without costs.
In this action to recover first-party no-fault benefits for health services rendered to their assignor, plaintiffs A.B. Medical Services PLLC and D.A.V Chiropractic EC. established their prima facie entitlement to summary judgment by proof that they submitted claims, setting forth the fact and the amounts of the losses sustained, and that payment of no-fault benefits was overdue (see Insurance Law § 5106 [a]; Mary Immaculate Hosp. v Allstate Ins. Co., 5 AD3d 742 [2004]; A.B. Med. Servs. PLLC v Lumbermens Mut. Cas. Co., 4 Misc 3d 86 [App Term, 2d & 11th Jud Dists 2004]; Amaze Med. Supply v Eagle Ins. Co., 2 Misc 3d 128[A], 2003 NY Slip Op 51701[U] [App Term, 2d & 11th Jud Dists]). The burden shifted to defendant to show a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Contrary to the determination of the court below, plaintiffs did not have to establish the validity of the assignments as part of their prima facie case. Defendant’s failure to seek verification of the assignments, or to allege any deficiency in the assignments in its denial of claim forms, constitutes a waiver of any defenses with respect thereto (see New York Hosp. Med. Ctr. of Queens v New York Cent. Mut. Fire Ins. Co., 8 AD3d 640 [2004]; Presbyte *27 rian Hosp. in City of N.Y. v Aetna Cas. & Sur. Co., 233 AD2d 433 [1996]; Medwide Med. Supply Inc. v Country-Wide Ins. Co., 8 Misc 3d 131[A], 2005 NY Slip Op 51078[U] [App Term, 2d & 11th Jud Dists]; A.B. Med. Servs. PLLC v Nationwide Mut. Ins. Co., 6 Misc 3d 70 [App Term, 2d & 11th Jud Dists 2004]).
It is uncontroverted that defendant timely denied plaintiff A.B. Medical Services PLLC’s $604.24 claim based upon the conclusions of an affirmed peer review report which was annexed to the denial. Plaintiff contends that the report is insufficient since defendant did not provide its reviewer with the narrative report and the follow-up reports it had previously provided to defendant. Indeed, the reviewer stated that he was not provided with reports from any of the assignor’s health care providers and, therefore, medical necessity could not be established. In view of the foregoing, since the peer review report was incomplete in that it did not take into account all of the documents plaintiff provided to defendant, the denial was inadequate to establish a factual basis and medical rationale sufficient to demonstrate the lack of medical necessity (see Park Neurological Servs. P.C. v GEICO Ins., 4 Misc 3d 95 [App Term, 9th & 10th Jud Dists 2004]).
Defendant also timely denied plaintiff A.B. Medical Services PLLC’s $1,999.12, $71.40 and $752.62 claims, by its denial of claim form dated April 30, 2003, on the ground that the assignor failed to appear for independent medical examinations (IMEs). However, in opposition to plaintiffs’ motion for summary judgment, defendant merely established the mailing of a single IME request. The insurance regulations provide that if any verification request is not supplied to the insurer within 30 calendar days after the original request, then, within 10 calendar days, the insurer shall follow up with the party from whom the verification was sought (see 11 NYCRR 65-3.6 [b]). Inasmuch as defendant did not show that it complied with the follow-up verification regulation, it has failed to rebut plaintiffs prima facie showing as to these claims (see e.g. Metro Med. Diagnostics v Lumbermens Ins. Co., 189 Misc 2d 597 [App Term, 2d & 11th Jud Dists 2001]).
As to plaintiff A.B. Medical Services PLLC’s remaining claims, defendant failed to show a triable issue of fact since its denial of claim form dated June 10, 2003 is incompletely filled out and is, thus, insufficient to assert a defense.
“A proper denial of claim must include the information called for in the prescribed denial of claim form *28 (see 11 NYCRR 65-3.4 [c] [11]) and must ‘promptly apprise the claimant with a high degree of specificity of the ground or grounds on which the disclaimer is predicated’ . . . Moreover, ‘[a] timely denial alone does not avoid preclusion where said denial is factually insufficient, conclusory, vague or otherwise involves a defense which has no merit as a matter of law’ (Amaze Med. Supply v Allstate Ins. Co., 3 Misc 3d 43, 44 [2004])” (Nyack Hosp. v State Farm Mut. Auto. Ins. Co., 11 AD3d 664, 664-665 [2004]).
Furthermore, although plaintiff D.A.V Chiropractic PC. contends that it is entitled to summary judgment in the principal sum of $1,586.44, a review of the claim forms annexed to its moving papers as exhibit E indicates that said plaintiff is only entitled to $370.70 since the mailing receipts annexed to establish its mailing of its other three claims list the provider as A.B. Medical Services PLLC. Accordingly, upon the record presented, there has been an insufficient showing that D.A.V Chiropractic PC. mailed said three claims to defendant. As noted above, defendant’s June 2003 denial of claim form is insufficient and, therefore, does not raise a triable issue of fact or rebut plaintiffs prima facie showing as to its $370.70 claim (see Nyack Hosp., 11 AD3d at 664).
In view of the foregoing, plaintiff A.B. Medical Services PLLC is awarded summary judgment in the principal sum of $8,682.82 and plaintiff D.A.V Chiropractic PC. is awarded partial summary judgment in the principal sum of $370.70, and the matter is remanded to the court below for entry of judgment and the calculation of statutory interest and attorney’s fees thereon pursuant to Insurance Law § 5106 (a) and the regulations promulgated thereunder, and for all further proceedings on the remaining claims.
Inasmuch as Lvov Acupuncture PC. is not an aggrieved party, the appeal as taken by it is dismissed (see CPLR 5511).