OPINION OF THE COURT
Memorandum.
Order reversed without costs, plaintiffs motion for summary judgment granted, defendant’s cross motion for summary judgment denied, and matter remanded to the court below for the calculation of statutory interest and an assessment of attorney’s fees.
In this action to recover first-party no-fault benefits for health care services provided its assignor, plaintiff established a prima facie entitlement to summary judgment by proof that it submitted claims, setting forth the fact and the amounts of the losses sustained, and that payment of no-fault benefits was overdue (see Insurance Law § 5106 [a]; Mary Immaculate Hosp. v Allstate Ins. Co., 5 AD3d 742 [2004]; Amaze Med. Supply v Eagle Ins. Co., 2 Misc 3d 128[A], 2003 NY Slip Op 51701[U] [App Term, 2d & 11th Jud Dists 2003]). Plaintiff submitted, inter alia, defendant’s timely claim denial forms, which conceded receipt of the four claims and asserted only the lack of medical necessity for the services provided as the ground for the denials, citing in the first three denials a peer review report, and in the final denial, additionally, the report of an independent medical examination (IME).
It is well settled that “a timely denial alone does not avoid preclusion where said denial is factually insufficient, conclusory, vague or otherwise involves a defense which has no merit as a matter of law” (A.B. Med. Servs. PLLC v Commercial Mut. Ins. Co., 12 Misc 3d 8, 10 [App Term, 2d & 11th Jud Dists 2006], quoting Amaze Med. Supply v Allstate Ins. Co., 3 Misc 3d 43, 44 [App Term, 2d & 11th Jud Dists 2004]; see also Nyack Hosp. v Metropolitan Prop. & Cas. Ins. Co., 16 AD3d 564 [2005]). While defendant was not required to attach to its denial forms either the peer review report upon which the denials were purportedly based or the IME report cited in the final denial (see 11 NYCRR 65-3.8 [b] [4]; A.B. Med. Servs. PLLC v Nationwide Mut. Ins. Co., 7 Misc 3d 132[A], 2005 NY Slip Op 50605[U] [App Term, *36 2d & 11th Jud Dists 2005]), the lack of medical necessity defense is properly interposed when the claim denial form, and any other documentation submitted within the 30-day claim determination period, “set[s] forth with sufficient particularity the factual basis and medical rationale for [the] denial” (A.B. Med. Servs. PLLC v GEICO Cas. Ins. Co., 12 Misc 3d 30, 31 [App Term, 2d & 11th Jud Dists 2006]). The denials herein were couched entirely in conclusory language and contained no facts to satisfy the NF-10 claim denial form’s requirement that the insurer state the reason for a denial “fully and explicitly” (see also 11 NYCRR 65-3.2 [e] [“Claim practice principles to be followed by all insurers . . . . (e) Clearly inform the applicant of the insurer’s position regarding any disputed matter”]; Nyack Hosp. v Metropolitan Prop. & Cas. Ins. Co., 16 AD3d 564, 565 [2005] [“A proper denial of claim must include the information called for in the prescribed denial of claim form”]; Nyack Hosp. v State Farm Mut. Auto. Ins. Co., 11 AD3d 664, 664 [2004] [“A proper denial . . . must ‘promptly apprise the claimant with a high degree of specificity of the ground or grounds on which the disclaimer is predicated’ ”], quoting General Acc. Ins. Group v Cirucci, 46 NY2d 862, 864 [1979]).
In our view, a claimant’s entitlement to a copy of a peer review report upon demand (11 NYCRR 65-3.8 [b] [4] [“If the specific reason for a denial of a no-fault claim . . . is a . . . peer review report requested by the insurer, the insurer shall release a copy . . . to the applicant . . . upon . . . written request”]) creates no exception to the requirement that the statutorily-mandated NF-10 form (which provides that the insurer must “attach extra sheets if needed”) state the ground for the denial with the “high degree of specificity” required by regulation and case law. We do not read the reference to a peer review report as the “specific reason” for a denial to mean that the bare recitation of reliance on such a report satisfies the requirement that a denial based on the lack of medical necessity, which this court has held on numerous occasions to require the assertion of facts and a medical rationale based thereon, is satisfied by the mere invocation of a peer review report as the basis of a denial. Rather, the regulation merely guarantees a claimant’s right to obtain a copy of the report upon written demand when its content is specifically alleged to justify a claim’s denial.
Finally, the sufficiency of either report to establish a triable issue of medical necessity need not be addressed as “even assuming said reports’ admissibility and that they set forth a suf *37 ficient factual basis and medical rationale for denial of the claims, they cannot remedy the factual insufficiency of defendant’s denials” (A.B. Med. Servs. PLLC v GEICO Cas. Ins. Co., 12 Misc 3d at 32). Therefore, because defendant failed properly to interpose the medical necessity defense at the “claim stage” and failed to establish any defense that survived the preclusion sanction, defendant’s cross motion for summary judgment should have been denied and plaintiff’s motion for summary judgment granted.
Accordingly, the matter is remanded to the court below for the calculation of statutory interest and an assessment of attorney’s fees pursuant to Insurance Law § 5106 (a) and the regulations promulgated thereunder.