Golia, J.P.
(concurring with the result only): I am constrained to agree with the disposition reached by the ultimate majority. However, I wish to note that I do not agree with certain propositions of law set forth in cases cited therein which are inconsistent with my prior expressed positions and generally contrary to my views.
In this regard, I note my dissent in A.B. Med. Servs. PLLC v GEICO Cas. Ins. Co. (12 Misc 3d 30 [App Term, 2d & 11th Jud Dists 2006]) in which I assert that a denial of claim predicated upon a peer review report is sufficient to comply with the regulations.
The plaintiff herein claims that it sent a written request to the defendant for a copy of the peer review report which, plaintiff insists, it never received, and that the defendant “ignored the request.” However, plaintiff failed to establish any proof regarding the mailing of such request, and absent such proof, this court should not consider the alleged failure of the defendant to provide a copy of the report. The Appellate Term has consistently rejected an insurer’s proof of its claim denial form upon a finding that defendant failed to proffer acceptable proof of mailing (e.g. PDG Psychological P.C. v Utica Mut. Ins. Co., 11 Misc 3d 128[A], 2006 NY Slip Op 50246[U] [App Term, 2d & 11th Jud Dists 2006]). I submit, the Appellate Term should likewise reject plaintiffs papers upon plaintiffs failure to proffer appropriate proof of mailing.
Notwithstanding, the defendant’s alleged failure to provide a copy of the peer review report is a nonissue. In point of fact, the regulations do not require the defendant to provide a copy of the report. They only require the defendant to pay or deny a *38 claim within 30 days of receipt. Had the defendant sent such a denial after 30 days, or had it sent the denial within 30 days but failed to proffer sufficient proof of mailing, the majority, I submit, would have applied their former holdings and granted summary judgment to the plaintiff. In this case the majority concedes a timely denial and proper proof of mailing.
I would, however, prefer to find that the defendant complied with all the rules and regulations and met the clear language of 11 NYCRR 65-3.8 (b) (4) which provides,
“If the specific reason for a denial of a no-fault claim, or any element thereof, is a medical examination or peer review report requested by the insurer, the insurer shall release a copy of that report to the applicant for benefits, the applicant’s attorney, or the applicant’s treating physician, upon the written request of any of these parties” (emphasis added).
In order to substantiate their position, my colleagues claim that the language in the form promulgated by the Insurance Department provides that additional pages “must” be attached. The mere fact that the form allows for additional pages is not equivalent to a mandate requiring additional pages as needed, nor does it establish that the reason for a denial must be long winded and verbose.
In the present case, the plaintiff filed a claim for payment and the defendant thereupon submitted the claim file for an independent peer review. Upon receiving the peer review report, defendant sent out a timely denial predicated upon the peer review report containing the specific grounds of the denial.
This procedure is entirely within the terms and conditions of the regulations. If the plaintiff wished to learn the particulars of the report, it need only send a written request appropriately mailed, and defendant would be required to provide a copy of that report. Although plaintiff claims to have done so in this case, it failed to provide any proof of mailing. Consequently, the request should not be considered.
To hold as the majority does, in my opinion, would usurp the regulations which require the Department of Insurance to promulgate its own rules and regulations. It would require the defendant to produce the peer review report within 30 days of the claim despite the fact that the regulations do not require that the report be produced at all, unless requested in writing by the plaintiff. This is a burden the regulations do not impose upon an insurer.
*39 It is very clear to me that the regulations provide for a logical and reasonable procedure for the disposition of a claim, and that my colleagues’ analysis is strained. The majority acknowledges that the regulations do not require a defendant to annex a copy of the doctor’s independent medical examination (IME) report to the NF-10 denial of claim form which is predicated upon that report; however, they assert that the NF-10 form must include reasons for the denial with a “high degree of specificity.”
In order to comply with the mandates as set forth by the majority, a defendant insurance company must direct their claim examiners (many of whom are not medical doctors) to do the following: they must first read and understand the IME report which was written by a medical doctor, digest all the medically salient points, and then draft a denial of claim which lists all those salient medical points with a “high degree of specificity.” The other alternative is to simply send an NF-10 form with the notation “see attached IME report” as the reason for the denial and, of course, attach a copy of the report.
The problem with this analysis is that the first alternative is burdensome, inefficient and downright unnecessary, whereas the second alternative is clearly and specifically not required by the regulation.
A more reasonable analysis is to simply follow the requirements set forth by the regulation. The defendant insurance carrier receives a copy of an IME report which asserts that the medical treatments, or the medical examination, or the medical supplies provided, were not medically necessary for the medical reasons enumerated in the IME report. The carrier then sends an NF-10 denial of claim form which asserts that the claim is being denied for the specific reason that the IME doctor issued a report recommending denial. In the event the provider wishes to learn the precise medical reasons that led to that result, it need only send a written request, and a copy of the IME report will be sent to it free of charge.
Simple, reasonable and effective, and most importantly, the aforesaid procedure is in accordance with the regulations.
I would prefer to deny plaintiffs motion for summary judgment.
Rios and Belen, JJ., concur; Golia, J.P., concurs in a separate memorandum.