OPINION OF THE COURT
Andrew M. Engel, J.
The plaintiff commenced this action to recover no-fault first-party benefits for medical services provided to its assignor on February 14, 2004, in the total sum of $1,791.73, which have not been paid. The action was commenced on or about June 6, 2005, and issue was joined on or about June 16, 2005. The plaintiff now moves for summary judgment. The defendant opposes the motion.
The plaintiff alleges that it properly served its bills dated February 27, 2004 upon the defendant and that same were received by the defendant on March 10, 2004. The defendant does not deny such receipt and admits same in its denial of claim, thereby curing any defect in the plaintiff’s proof of mailing. (Prestige Med. & Surgical Supply, Inc. v Clarendon Natl. Ins. Co., 13 Misc 3d 127[A], 2006 NY Slip Op 51672[U] [App Term, 2d & 11th Jud Dists 2006]; Magnezit Med. Care, P.C. v New York Cent. Mut. Fire Ins. Co., 12 Misc 3d 144[A], 2006 NY Slip Op 51434[U] [App Term, 2d & 11th Jud Dists 2006].)
The plaintiff further alleges that the defendant’s denial, alleging lack of medical necessity, albeit timely, was improper. According to the plaintiff, the defendant’s denial was not on a properly prescribed denial of claim form and that the form used by the defendant omitted many fields, all in violation of 11 NYCRR 65-3.4 (c) (11) and 65-3.8 (c) (1).
The defendant argues that, because its denial was timely, the plaintiff will only be entitled to summary judgment if plaintiff eliminates the defense of lack of medical necessity as a matter of law, as part of its prima facie motion. According to the defendant, having failed to proffer competent medical evidence demonstrating that the subject medical services were necessary, the plaintiffs motion must be denied.
*554 To make out a prima facie case, the plaintiff must establish the proper submission of its claim and the carrier’s failure to either pay or issue a valid denial within 30 days. (11 NYCRR 65-3.8 [c]; Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., 90 NY2d 274 [1997]; Nyack Hosp. v State Farm Mut. Auto. Ins. Co., 11 AD3d 664 [2d Dept 2004]; Westchester Med. Ctr. v AIG, Inc., 36 AD3d 900 [2d Dept 2007]; New York Craniofacial Care, P.C. v Allstate Ins. Co., 11 Misc 3d 1071[A], 2006 NY Slip Op 50500[U] [Civ Ct, Kings County 2006].) As will be discussed below, the plaintiff has established its prima facie right to the relief requested.
Although the timeliness of the defendant’s denial is admitted and not in issue, it must still be demonstrated that it was facially sufficient to have any effect. (Nyack Hosp. v State Farm Mut. Auto. Ins. Co., supra; Amaze Med. Supply v Allstate Ins. Co., 3 Misc 3d 43 [App Term, 2d & 11th Jud Dists 2004].)
In relevant part, 11 NYCRR 65-3.8 (c) (1) provides: “If the insurer denies a claim in whole or in part involving elements of basic economic loss or extended economic loss, the insurer shall notify the applicant or the authorized representative on the prescribed denial of claim form.” 11 NYCRR 65-3.4 (c) provides that Appendix 13 of the regulations includes the “prescribed claim forms that must be used by all insurers, and shall not be altered unless approved by the superintendent: . . . (11) Denial of Claim Form (NYS Form N-F 10).”
The defendant does not dispute the plaintiff’s documented allegations that its denial of claim was not on the prescribed form, was on a form disapproved for use by the New York State Insurance Department after May 1, 2003, and that the form used by the defendant redacted 15 areas of inquiry. Viewing this uncontroverted evidence in a light most favorable to the defendant (Corvino v Mount Pleasant Cent. School Dist., 305 AD2d 364 [2d Dept 2003]; Tassone v Johannemann, 232 AD2d 627 [2d Dept 1996]), the court finds no genuine issue of fact (Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395 [1957]; Rotuba Extruders v Ceppos, 46 NY2d 223 [1978]) to be resolved at trial concerning the propriety of the defendant’s denial, which is insufficient as a matter of law. (Nyack Hosp. v State Farm Mut. Auto. Ins. Co., supra; Nyack Hosp. v Metropolitan Prop. & Cas. Ins. Co., 16 AD3d 564 [2d Dept 2005], lv denied 5 NY3d 713 [2005]; Spineamericare Med., P.C. v United States Fid. & Guar. Co., 12 Misc 3d *555 138[A], 2006 NY Slip Op 51293[U] [App Term, 9th & 10th Jud Dists 2006].)
The defendant’s argument that the plaintiff must still demonstrate the medical necessity for the services rendered is without merit. It is well established that:
“proof of a properly submitted statutory claim form, or its substantial equivalent, establishes a prima facie case of medical necessity on a plaintiff’s motion for summary judgment (Amaze Med. Supply v Eagle Ins. Co., 2 Misc 3d 128[A], 2003 NY Slip Op 51701[U] [App Term, 2d & 11th Jud Dists 2003]; see also Damadian MRI in Elmhurst v Liberty Mut. Ins. Co., 2 Misc 3d 128[A], 2003 NY Slip Op 51700[U] [App Term, 9th & 10th Jud Dists]). The burden then shifts to defendant who, if not precluded, may rebut the presumption and establish the lack of medical necessity by submitting proof, such as a detailed peer review report or the results of an IME, that the health benefits provided were not medically necessary (Amaze Med. Supply v Eagle Ins. Co. 2 Misc 3d 128[A], 2003 NY Slip Op 51701[U] [2003], supra; see also Damadian MRI in Elmhurst v Liberty Mut. Ins. Co., 2 Misc 3d 128[A], 2003 NY Slip Op 51700[U] [2003], supra).” (Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 7 Misc 3d 18, 21-22 [App Term, 2d Dept 2004], affd 35 AD3d 720 [2d Dept 2006].) The defendant has offered nothing to substantiate its claim of lack of medical necessity.
It being uncontested, and determined as a matter of law, that the plaintiff’s claim was timely submitted and that the defendant failed to pay or properly deny that claim within 30 days, having failed to raise a claim of fraud or lack of coverage, the defendant is precluded from raising a defense to the plaintiff’s suit. (New York Hosp. Med. Ctr. of Queens v Country-Wide Ins. Co., 295 AD2d 583 [2d Dept 2002]; Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., 226 AD2d 613 [2d Dept 1996]; Mount Sinai Hosp. v Triboro Coach, 263 AD2d 11 [2d Dept 1999].)
Based upon the foregoing, the plaintiff’s motion for an order granting it summary judgment is granted; and the plaintiff is entitled to the entry of a judgment in the sum of $1,791.73, plus interest and attorney’s fees. The question has arisen, however, as to when interest begins to run. The plaintiff suggests inter *556 est accrues beginning 30 days after proper submission of its claims. The defendant suggests interest did not begin to accrue herein until the commencement of this action. Approximately 15 months of interest is in question.
There is no dispute that the applicable regulatory provisions governing an award of interest are 11 NYCRR 65-3.8 (a) (1); (c) and 65-3.9 (a) and (c). The dispute, as noted in Alpha Chiropractic P.C. v State Farm Mut. Auto Ins. (14 Misc 3d 673 [Civ Ct, Queens County 2006]), lies in how these provisions are to be applied. As Judge Bernice Daun Siegal noted therein, recent case law has been wrestling with the interpretation and interrelationship of these provisions, with differing results. (See East Acupuncture, P.C. v Allstate Ins. Co., 8 Misc 3d 849 [Civ Ct, Kings County 2005]; Tsai Chao v Country-Wide Ins. Co., 11 Misc 3d 1090[A], 2006 NY Slip Op 50794[U] [Nassau Dist Ct 2006].) This court will attempt to grapple with these issues as well.
As is relevant herein, 11 NYCRR 65-3.9 (a) unequivocally provides, “(a) All overdue mandatory and additional personal injury protection benefits due an applicant or assignee shall bear interest at a rate of two percent per month.” As applicable, 11 NYCRR 65-3.8 provides, “(a) (1) No-fault benefits are overdue if not paid within 30 calendar days after the insurer receives proof of claim ...(c) Within 30 calendar days after proof of claim is received, the insurer shall either pay or deny the claim in whole or in part.” Reading these two subdivisions together, it has been held that a claim is “overdue” when the carrier has failed to either pay or properly deny the claim within 30 days of its receipt. (Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., 90 NY2d 274 [1997]; Nyack Hosp. v State Farm Mut. Auto. Ins. Co., 11 AD3d 664 [2d Dept 2004]; New York Craniofacial Care, P.C. v Allstate Ins. Co., 11 Misc 3d 1071 [A], 2006 NY Slip Op 50500[U] [Civ Ct, Kings County 2006].) It is worth noting, at this point, the distinction between a claim which is properly denied, as opposed to one which is simply denied.
The aforesaid sections are internally consistent and unequivocal in their statement that interest begins to run if the payment of a claim is “overdue,” to wit: neither paid nor properly denied within 30 days, on the 30th day after the claim is submitted. The section which is causing all of the problems is 11 NYCRR 65-3.9 (c), which provides, in pertinent part:
“(c) If an applicant does not request arbitration or institute a lawsuit within 30 days after the receipt *557 of a denial of claim form or payment of benefits calculated pursuant to Insurance Department regulations, interest shall not accumulate on the disputed claim or element of claim until such action is taken.” On a cursory reading, this section appears to be at odds with the preceding sections.
Judge Milagros A. Matos, in East Acupuncture, P.C. v Allstate Ins. Co., P.C. (supra), resolves this apparent conflict by noting that 11 NYCRR 65.15 (h) (3), now section 65-3.9 (c), makes specific reference to “an applicant” whereas 11 NYCRR 65.15 (h) (1), now section 65-3.9 (a), makes specific reference to interest payable to “an applicant or assignee.” Applying “a basic principle of statutory construction that a court will not by implication read into a clause of a rule or statute a limitation for which ... no sound reason [can be found] (Kurcsics v Merchants Mut. Ins. Co., 49 NY2d 451, 458 [1980] [internal quotation marks omitted]),” and deferring to the “special competence and expertise [of the Superintendent of Insurance] with respect to the insurance industry” (8 Misc 3d at 853), Judge Matos held that 11 NYCRR 65.15 (h) (3) (section 65-3.9 [c]) does not apply to provider/assignees, but only to “applicants.”
As pointed out by Judge Anthony W. Paradiso in Tsai Chao v Country-Wide Ins. Co. (supra), and recently reiterated by the Appellate Division, Second Department, in Long Is. Radiology v Allstate Ins. Co. (36 AD3d 763 [2007]), however, an assignee has no greater rights than its assignor and “stands in the shoes” of its assignor. (Arena Constr. Co. v Sackaris & Sons, 282 AD2d 489, 489 [2d Dept 2001]; Dilon Med. Supply Corp. v Travelers Ins. Co., 7 Misc 3d 927 [Civ Ct, Kings County 2005].) As such, the assignee must be held to the same obligations and restrictions as its assignor, the “applicant.”
The above notwithstanding, this court must nevertheless respectfully disagree with Judge Paradiso’s application of these apparently conflicting regulations. The court in Chao held that the restrictions of section 65-3.9 (c) apply to all claimants because to rule otherwise “encourages delayed suits and thrusts an unjustified financial burden on insurance companies who are forced to pay years worth of punitive interest payments that are eventually reflected in higher insurance premiums.” (11 Misc 3d 1090[A], 2006 NY Slip Op 50794[U], *3 [2006] [citation omitted].) This latter argument, however, is directly contradicted by 11 NYCRR 65-3.9 (f), which explicitly provides, “An insurer may not include in its ratemaking calculations any interest paid *558 on an overdue claim.” Moreover, the interpretation of these regulations applied in Chao overlooks appellate authority which holds that interest accrues on all “overdue” payments, those not made within 30 days after a proper demand, without regard to when suit is commenced. (Smithtown Gen. Hosp. v State Farm Mut. Auto. Ins. Co., 207 AD2d 338 [2d Dept 1994]; Hemp-stead Gen. Hosp. v Insurance Co. of N. Am., 208 AD2d 501 [2d Dept 1994]; New York & Presbyt. Hosp. v Allstate Ins. Co., 30 AD3d 492 [2d Dept 2006]; St. Clare’s Hosp. v Allstate Ins. Co., 215 AD2d 641 [2d Dept 1995].)
This court believes there is a third interpretation to be given to these regulations, as proffered by the plaintiff herein and as alluded to by Judge Siegal in Alpha Chiropractic P.C. v State Farm Mut. Auto Ins. (supra), which meets the stated objectives of the statutory no-fault scheme, encouraging prompt resolution of and compensation for losses incurred by accident victims (Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., 90 NY2d 274 [1997]), without rewarding a dilatory assignee with a windfall of interest or rewarding a dilatory insurance company which has failed to pay or properly deny a claim, by delaying the accrual of interest.
As the court pointed out in Alpha Chiropractic P.C. v State Farm Mut. Auto Ins. (14 Misc 3d at 676, supra), “the patently clear and unambiguous language in section 65-3.9 (c) referring to ‘the receipt of a denial of claim form’ [is] a key element in determining the date of accrual thereunder.” Significantly, the defendant therein never issued a denial; and, based thereon, Judge Siegal found the defendant’s argument that interest does not accrue until the commencement of arbitration or suit to be “totally without merit” (id.). The same must be said of denials, such as the one herein, which, although timely served, are patently invalid on their face. Distinguished from such denials, however, are denials which are timely and properly stated, e.g., a denial in proper form, based on the alleged lack of medical necessity, which sets forth a factual basis sufficient to establish, prima facie, the absence of medical necessity. (See Amaze Med. Supply Inc. v Allstate Ins. Co., 12 Misc 3d 142[A], 2006 NY Slip Op 51412[U] [App Term, 2d & 11th Jud Dists 2006] [proper denial defeated provider’s motion for summary judgment and defendant permitted to proceed with defense]; compare, Park Neurological Servs. P.C. v GEICO Ins., 4 Misc 3d 95 [App Term, 9th & 10th Jud Dists 2004] [defendant failed to set *559 forth factual basis for alleged lack of medical necessity precluding the defendant from asserting such defense and mandating summary judgment for the plaintiff].)
Based upon all of the foregoing, it is the holding of this court that, in accordance with the unambiguous language of 11 NYCRR 65-3.9 (a) and 65-3.8 (a) and (c), interest on overdue payments, those where there is less than full payment and no valid denial issued within 30 days of receipt of the claim, shall run from 30 days after receipt of the claim. (Smithtown Gen. Hosp. v State Farm Mut. Auto. Ins. Co., supra; Hempstead Gen. Hosp. v Insurance Co. of N. Am., supra; New York & Presbyt. Hosp. v Allstate Ins. Co., supra; St. Clare’s Hosp. v Allstate Ins. Co., supra.) In all other cases, where the carrier has issued a proper and timely denial establishing a prima facie defense to the claim, interest shall run from the institution of arbitration or suit, if no such action is taken within 30 days after the plaintiffs receipt of the denial of claim, in accordance with 11 NYCRR 65-3.9 (c). In making this distinction, the court notes that subdivision (a) makes specific reference to “[a] 11 overdue” payments, whereas subdivision (c) specifically omits such language.
The court believes that this dichotomy is not only mandated by the clear and specific language of the regulations, but is consistent with and promotes the underlying purpose of the no-fault scheme to eschew treating claimants as adversaries and to provide for prompt payment or disclaimer of first-party benefits to injured individuals. (Dermatossian v New York City Tr. Auth., 67 NY2d 219 [1986]; Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., supra.) Claimants should not expect, and the regulations do not allow, that they will be rewarded with a windfall of accumulating interest, in the face of a timely and valid denial, by delaying the prosecution of their claims. By the same token, insurance companies should not be heard to complain that interest will accumulate against them where they have failed, and continue to fail, to pay or properly deny a claim. In this way, the regulatory scheme is designed to provide incentive to both sides to administer and prosecute claims in a timely fashion.
Finally, the defendant’s argument that the total attorney’s fee herein should be no more than $850 is mooted by the fact that the plaintiff concedes that under any method of calculation the fee herein will not exceed $850.
Accordingly, the plaintiffs motion for summary judgment is granted; and the plaintiff is entitled to the entry of a judgment *560 in the principle sum of $1,791.73, plus interest at the rate of 2% per month compounded from April 9, 2004 and counsel fees in the sum of 20% of the principle award plus the interest thereon, but no more than $850.
All other matters not decided herein are hereby denied.