High Quality Medical Supplies, Inc., as Assignee of CHARLES BOTWEE, Respondent,
against
Mercury Ins. Group, Appellant.



Appeal from an order of the Civil Court of the City of New York, Kings County (Robin Kelly Sheares, J.), entered July 31, 2013. The order denied defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant appeals from an order of the Civil Court which denied defendant's motion for summary judgment dismissing the complaint.
In SK Prime Med. Supply, Inc. v State Farm Mut. Auto. Ins. Co. (43 Misc 3d 133[A], 2014 NY Slip Op 50630[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]), this court noted that the "NYS Medicaid DME Services Fee Schedule" has been adopted as the Durable Medical Goods Fee Schedule for Workers' Compensation (12 NYCRR 442.2 [a]). However, contrary to defendant's argument on appeal, that is not a basis to hold that "the billing for durable medical equipment that is not included within the fee schedule is not compensable." Indeed, 11 NYCRR 68.5 specifically addresses reimbursement for healthcare services not set forth in fee schedules.[FN1]


Accordingly, the order is affirmed. 

Pesce, P.J., Aliotta and Solomon, JJ., concur.

Decision Date: October 05, 2016



Footnotes

Footnote 1:11 NYCRR 65-3.16 (a) provides for payment of "medical expenses," which shall be in accordance with fee schedules contained in 11 NYCRR 68, entitled "Charges for Professional Health Services." Reimbursement for durable medical equipment is regularly treated as interchangeable with reimbursement for healthcare services under the No-Fault Regulations (see e.g. Fair Price Med. Supply Corp. v Travelers Indem. Co., 10 NY3d 556 [2008]; see generally Amaze Med. Supply v Allstate Ins. Co., 3 Misc 3d 43, 44 [App Term, 2d Dept, 2d & 11th Jud Dists 2004]).