■ Nyack Hospital, Appellant, v State Farm Mutual Automobile Insurance Company, Respondent. [784 NYS2d 136]—

In an action pursuant to Insurance Law § 5106, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Jonas, J.), dated December 15, 2003, as denied its motion for summary judgment on the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion is granted.

On March 11, 2003, and March 18, 2003, respectively, the plaintiff submitted two claims to the defendant to recover no-fault medical payments. On or about April 14, 2003, the defendant responded with a standard denial of claim which failed, inter alia, to supply the information listed in items 23 through 30 of the prescribed form, including the name of the health services provider, the date and amount of the claims being denied, and the date it received those claims. Subsequent correspondence dated June 13, 2003, from the defendant's claim representative to the plaintiff supplied most of the previously-omitted information. The plaintiff then commenced this action against the defendant seeking payment of both claims, and moved for summary judgment on the ground that the April 14, 2003, denial of claim was fatally defective. The Supreme Court denied the motion and the plaintiff appeals.

Pursuant to 11 NYCRR 65-3.8 (c), the defendant was required either to pay or deny the plaintiff's claims "[w]ithin 30 calendar days after proof of claim [was] received." A proper denial of claim must include the information called for in the prescribed denial of claim form (*see* 11 NYCRR 65-3.4 [c] [11]) and must "promptly apprise the claimant with a high degree of specificity of the ground or grounds on which the disclaimer is predicated" (*General Acc. Ins. Group v Cirucci*, 46 NY2d 862, 864 [1979]; *accord Halali v Evanston Ins. Co.*, 8 AD3d 431 [2004]; *Hereford Ins. Co. v Mohammod*, 7 AD3d 490 [2004]). "An insurer which fails to properly deny a claim within 30 days as required by these statutory provisions may be precluded from interposing a

defense to the plaintiff's lawsuit" (*Mount Sinai Hosp. v Triboro Coach,* 263 AD2d 11, 16 [1999]; *see e.g. Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co.,* 90 NY2d 274, 283 [1997] [hereinafter *Presbyterian I*]; *New York Hosp. Med. Ctr. of Queens v Country-Wide Ins. Co.,* 295 AD2d 583, 584 [2002]; *New York & Presbyt. Hosp. v Empire Ins. Co.,* 286 AD2d 322 [2001]; *Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co.,* 226 AD2d 613 [1996] [hereinafter *Presbyterian II*]). Moreover, "[a] timely denial alone does not avoid preclusion where said denial is factually insufficient, conclusory, vague or otherwise involves a defense which has no merit as a matter of law" (*Amaze Med. Supply v Allstate Ins. Co.,* 3 Misc 3d 43, 44 [2004]).

Applying these principles, we find that the defendant's April 14, 2003, denial of claim, while timely, was nonetheless fatally defective in that it failed to include a number of basic items called for in the prescribed form (*see* 11 NYCRR 65-3.4 [c] [11]; *Presbyterian II, supra; Amaze Med. Supply v Allstate Ins. Co., supra*). The defendant's contention that it supplied the missing information on June 13, 2003, is without merit, as the defective claim form could not be corrected, nunc pro tunc, through information supplied after the regulatory 30-day period expired. Indeed, the statutory goal of ensuring the prompt payment or denial of claims would be materially frustrated if insurers were permitted to file timely but factually defective denial of claim forms, to be supplemented only after the expiration of the 30-day period prescribed by 11 NYCRR 65-3.8. Under these circumstances, the remedy of preclusion was appropriate, and the plaintiff's motion should have been granted (*cf. Presbyterian I, supra* at 283-284). Florio, J.P., Smith, Rivera and Fisher, JJ., concur.