■ NYACK HOSPITAL, as Assignee of JOHN WATSON, Respondent, v METROPOLITAN PROPERTY & CASUALTY INSURANCE COMPANY, Appellant. [791 NYS2d 658]—

In an action to recover no-fault insurance medical payments, the defendant appeals from an order of the Supreme Court, Nassau County (Martin, J.), dated December 19, 2003, which granted the plaintiff's motion for summary judgment and denied its cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff made a prima facie showing of entitlement to judgment as a matter of law by submitting evidentiary proof that the prescribed statutory billing forms were mailed and received, and that payment of no-fault benefits was overdue (*see* Insurance Law § 5106 [a]; 11 NYCRR 65.15 [g] [3]; *Alvarez v Prospect Hosp.,* 68 NY2d 320, 325 [1986]; *Mary Immaculate Hosp. v Allstate Ins. Co.,* 5 AD3d 742 [2004]). In opposition, the defendant failed to raise a triable issue of fact (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]).

The defendant failed to submit a proper affidavit of service to establish that the denial of claim form was in fact mailed to the plaintiff (*see Hospital for Joint Diseases v Nationwide Mut. Ins.*

*Co.,* 284 AD2d 374, 375 [2001]; *cf. St. Clare's Hosp. v Allcity Ins. Co.,* 201 AD2d 718, 719 [1994]). Moreover, even if the defendant timely issued the denial of claim form within 30 days of its receipt of the plaintiff's medical records, "[a] timely denial alone does not avoid preclusion where said denial is factually insufficient, conclusory, vague or otherwise involves a defense which has no merit as a matter of law" (*Amaze Med. Supply v Allstate Ins. Co.,* 3 Misc 3d 43, 44 [2004]; *see Nyack Hosp. v State Farm Mut. Auto. Ins. Co.,* 11 AD3d 664, 665 [2004]). A proper denial of claim must include the information called for in the prescribed denial of claim form (*see* 11 NYCRR 65-3.4 [c] [11]; *Nyack Hosp. v State Farm Mut. Auto. Ins. Co., supra* at 664). The denial of claim form issued by the defendant in the case at bar, even if timely, was fatally defective in that it omitted numerous items of requested information, and thus was incomplete (*see* 11 NYCRR 65-3.4 [c] [11]; *Nyack Hosp. v State Farm Mut. Auto. Ins. Co., supra* at 665; *Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co.,* 226 AD2d 613, 614 [1996]). Moreover, the denial of claim form incorrectly listed the injured party, John Watson, as the provider of the health services.

The defendant's failure to object to the adequacy of the plaintiff's claim forms within 10 days of receipt constituted a waiver of any defenses based thereon, including the alleged lack of a valid assignment of benefits (*see* 11 NYCRR 65.15 [d]; *New York Hosp. Med. Ctr. of Queens v AIU Ins. Co.,* 8 AD3d 456, 457 [2004]; *New York & Presbyt. Hosp. v American Tr. Ins. Co.,* 287 AD2d 699, 701 [2001]; *Mount Sinai Hosp. v Triboro Coach,* 263 AD2d 11, 17 [1999]; *Presbyterian Hosp. in City of N.Y. v Aetna Cas. & Sur. Co.,* 233 AD2d 433 [1996]).

The defendant's remaining contentions either are unpreserved for appellate review or without merit. Schmidt, J.P., Krausman, Crane and Fisher, JJ., concur.