OPINION OF THE COURT
Cynthia S. Kern, J.
Plaintiff commenced the instant action to recover from defen *645 dant insurance company first-party no-fault benefits for medical services it rendered to its assignor. It moves for summary judgment on the ground that defendant failed to timely pay or deny plaintiffs claim for no-fault benefits. Defendant argues that plaintiff is not entitled to summary judgment because it failed to submit a valid assignment of benefits form. For the reasons stated below, plaintiffs motion for summary judgment is granted.
Insurance Law § 5106 (a) and 11 NYCRR 65-3.8 (c) provide that a no-fault insurer shall either pay or deny a claim for no-fault benefits within 30 days after receipt of the claim. This 30-day period may be extended if within 15 days from receipt of the initial verification forms an insurer demands additional verification of a claim. (See 11 NYCRR 65-3.5 [b].) An insurer will be precluded from raising any noncoverage defenses to an action if it does not respond to a claim within 30 days. (See Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., 90 NY2d 274 [1997]; Central Gen. Hosp. v Chubb Group of Ins. Cos., 90 NY2d 195 [1997]; Zappone v Home Ins. Co., 55 NY2d 131 [1982].)
In the instant case, defendant does not dispute that it did not deny or pay plaintiffs claim within 30 days after receiving the claim and that it did not make any demands for additional verification within 15 days after receiving the claim. It argues, however, that plaintiff has failed to make out a prima facie case because the assignment of benefits form submitted by plaintiff was defective in that it did not indicate an assignee and it did not include the date of the accident and the date that it was executed. The First Department, Appellate Term, recently addressed this issue in Laufer v Lumberman’s Mut. Cas. Co. (9 Misc 3d 133[A], 2005 NY Slip Op 51632[U] [App Term, 1st Dept 2005]). The court found that it is not plaintiffs burden to establish that it submitted a valid assignment of benefits form but rather it is defendant’s burden to establish that plaintiff failed to submit a valid assignment of benefits form. (Id. ) The Appellate Term specifically held that the failure of defendant insurer “to object to the adequacy of plaintiff’s no-fault claim form within 10 days of receipt constituted a waiver of any defenses based thereon, including any alleged technical deficiencies in the assignment of benefits.” (Id. at *1.) The Appellate Term in Laufer did not give any explanation in its decision of what would constitute a technical defect in an assignment of benefits form. However, in reaching its decision, the court clearly relied on *646 Nyack Hosp. v Metropolitan Prop. & Cas. Ins. Co. (16 AD3d 564 [2d Dept 2005]), in which the Second Department held that the defendant’s failure to object to the adequacy of plaintiffs claim forms within 10 days of receipt constituted a waiver of any defenses based on a lack of a valid assignment of benefits. (Id.) see also A.B. Med. Servs. PLLC v Liberty Mut. Ins. Co., 10 Misc 3d 128[A], 2005 NY Slip Op 51902[U] [App Term, 2d & 11th Jud Dists 2005]; A.B. Med. Servs. PLLC v American Tr. Ins. Co., 8 Misc 3d 139[A], 2005 NY Slip Op 15316[U] [App Term, 2d & 11th Jud Dists 2005].) Based on the Appellate Term’s reliance on Nyack, which specifically held that “any” defense based on the assignment of benefits form was waived if not objected to within 10 days of receipt (16 AD3d at 565), it appears that the Appellate Term intended for the lower courts to give a broad interpretation as to what constitutes a technical defect.
Based on the foregoing, the court finds that defendant has waived any of the defects in the assignment of benefits form by not objecting to them within 10 days as all of the defects were technical. Plaintiffs motion for summary judgment is therefore granted.