■ NEW YORK UNIVERSITY HOSPITAL RUSK INSTITUTE, as Assignee of NORMAN DELL, et al., Appellants, v HARTFORD AC-

CIDENT & INDEMNITY COMPANY et al., Respondents. [820 NYS2d 309]—

In an action to recover no-fault insurance medical payments, the plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (Martin, J.), dated September 27, 2005, as denied their motion for summary judgment on the second cause of action.

Ordered that the appeal by the plaintiff New York University Hospital Rusk Institute, as assignee of Norman Dell, is dismissed as that plaintiff is not aggrieved by the order appealed from (see CPLR 5511); and it is further,

Ordered that the order is reversed insofar as appealed from by the plaintiff Mary Immaculate Hospital, as assignee of Bibi Leitzsey, on the law, the motion is granted, and the first cause of action asserted by the plaintiff New York University Hospital Rusk Institute, as assignee of Norman Dell, is severed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff Mary Immaculate Hospital, as assignee of Bibi Leitzsey.

On July 3, 2004, Bibi Leitzsey was injured in an automobile accident. At the time of the accident, Leitzsey was covered by a no-fault insurance policy issued by the defendants Hartford Accident & Indemnity Company, Hartford Casualty Insurance Company, and Property and Casualty Insurance Company of Hartford (hereinafter collectively the defendants). On August 20, 2004, the plaintiff Mary Immaculate Hospital, as assignee of Bibi Leitzsey (hereinafter the hospital), sent to the defendants, by certified mail, return receipt requested, a hospital facility form (N-F5) and a UB-92 form, demanding payment of its $18,145.76 bill.

The defendants received the forms on August 23, 2004, and extended their time in which to pay or deny the claim on September 7, 2004, by demanding verification of Leitzsey's treatment (see 11 NYCRR 65-3.8 [a] [1]). On September 28, 2004, or within 30 days of their receipt of the requested verification, the defendants timely denied a portion (i.e., $10,385.08) of the claim, asserting that the hospital utilized an incorrect DRG

code, and that the correct DRG code corresponded to a lower reimbursement amount. In lieu of the prescribed denial of claim form (N-F10), the defendants issued their September 28, 2004, partial denial by letter.

Contrary to the hospital's contention, "[a] 'letter' of disclaimer is permissible, provided that it is approved by the New York State Department of Insurance, issued in duplicate, and 'contains substantially the same information as the prescribed form which is relevant to the claim denied' " (*Presbyterian Hosp. in City of N.Y. v Atlanta Cas. Co.*, 210 AD2d 210, 211 [1994], quoting 11 NYCRR 65.15 [g] [3] [i], now 65-3.8 [c] [1]). "A proper denial of claim must include the information called for in the prescribed denial of claim form (*see* 11 NYCRR 65-3.4 [c] [11]) and must 'promptly apprise the claimant with a high degree of specificity of the ground or grounds on which the disclaimer is predicated' " (*Nyack Hosp. v State Farm Mut. Auto. Ins. Co.*, 11 AD3d 664, 664 [2004], quoting *General Acc. Ins. Group v Cirucci,* 46 NY2d 862, 864 [1979]). "A timely denial alone does not avoid preclusion where said denial is factually insufficient, conclusory, vague or otherwise involves a defense which has no merit as a matter of law" (*Nyack Hosp. v State Farm Mut. Auto. Ins. Co., supra* at 665, quoting *Amaze Med. Supply v Allstate Ins. Co.,* 3 Misc 3d 43, 44 [2004]).

Here, the defendants' September 28, 2004, letter adequately conveyed the information mandated by the prescribed form including, but not limited to, the precise ground on which the partial denial was predicated. However, the defendants failed to establish that the letter had been issued in duplicate and approved by the Department of Insurance (*see* 11 NYCRR 65-3.8 [c] [1], *supra*). Accordingly, having failed to pay or properly deny that portion of the hospital's claim within the statutory time frame, the defendants were precluded from interposing a defense (*Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co.,* 90 NY2d 274, 286 [1997]; *Nyack Hosp. v State Farm Mut. Auto. Ins. Co., supra),* and the Supreme Court should have granted the plaintiff's motion for summary judgment on the second cause of action. Adams, J.P., Mastro, Fisher and Covello, JJ., concur.