■ St. Vincent's Hospital & Medical Center et al., Appellants, v Nationwide Mutual Insurance Company, Respondent. [840 NYS2d 122]—

In an action pursuant to Insurance Law 5106 (a) to recover no-fault benefits allegedly due under insurance contracts issued by the defendant, the plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (Covello, J.), dated May

23, 2005, as denied that branch of their motion which was for summary judgment in favor of the plaintiff St. Vincent's Hospital & Medical Center on the first cause of action.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The first cause of action allegedly arose out of an automobile accident on November 24, 2002, in which Rizero Delmonico (hereinafter Delmonico), the assignor of the plaintiff St. Vincent's Hospital & Medical Center (hereinafter St. Vincent's), was injured. From December 4, 2003, through December 16, 2003, St. Vincent's allegedly provided medical services to Delmonico relating to the injuries sustained in the accident. At the time of the accident, the defendant, Nationwide Mutual Insurance Company, insured Delmonico under an automobile policy which contained a New York State no-fault endorsement.

On March 5, 2004, St. Vincent's, as Delmonico's assignee, sent by certified mail to the defendant, inter alia, a hospital facility form (NYS form N-F 5) for payment of its hospital bill in the principal sum of $42,486.21. The N-F 5 form was received by the defendant on March 8, 2004. In the first cause of action, as is relevant here, St. Vincent's sought to recover the sum of $42,486.21. The plaintiffs moved for summary judgment thereon arguing that the defendant failed to provide to St. Vincent's a denial of claim form (NYS form N-F 10) within 30 days as required by Insurance Law 5106 (a) and 11 NYCRR former 65.15 (g). In opposition to St. Vincent's prima facie demonstration of entitlement to judgment as a matter of law on the first cause of action, the defendant submitted, inter alia, a copy of the N-F 10 form mailed on March 22, 2004, which stated that the denial was based upon the results of an "Independent Medical Exam" (hereinafter IME) but which did not annex a copy of the IME report or otherwise explain the basis for the denial.

The Supreme Court correctly denied that branch of the motion which was for summary judgment in favor of St. Vincent's on the first cause of action. The Supreme Court correctly concluded that the defendant issued a timely denial of claim on the prescribed N-F 10 form (*see* Insurance Law § 5106 [a]; 11 NYCRR former 65.15 [g] [3]; 11 NYCRR 65-3.4 [c] [11]; *cf. New York & Presbyt. Hosp. v AIU Ins. Co.*, 20 AD3d 515 [2005]; *Bonetti v Integon Natl. Ins. Co.*, 269 AD2d 413 [2000]), and, accordingly, raised a triable issue of fact on the first cause of action (*see Dandrea v Hertz*, 23 AD3d 332 [2005]).

We decline to consider the issue of the adequacy of the defendant's denial of claim, and specifically, St. Vincent's argument that the N-F 10 form failed to adequately set forth the

reason that the no-fault claim was denied. St. Vincent's raised this issue for the first time in its reply papers, and there is no evidence that the defendant had an opportunity to submit a surreply (*see Guarneri v St. John,* 18 AD3d 813 [2005]; *Matter of Hayden v County of Nassau,* 16 AD3d 415 [2005]). Crane, J.P., Rivera, Fisher and Dillon, JJ., concur.