■ WESTCHESTER MEDICAL CENTER, as Assignee of RIFENE DURANDISSE, Appellant, v ALLSTATE INSURANCE COMPANY, Respondent. [846 NYS2d 202]—

In an action to recover no-fault medical payments under a certain insurance contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Martin, J.), dated March 30, 2007, which denied its motion for summary judgment on the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff contended, in its motion for summary judgment on the complaint, that it mailed a single "NF-5" claim form dated March 8, 2006, to the defendant, that such form was received by the defendant on March 9, 2006 and that an "NF-10" denial of claim form dated March 23, 2006, issued by the defendant in response, was not sufficiently specific to constitute a valid denial (see generally *New York Univ. Hosp. Rusk Inst. v Hartford Acc. & Indem. Co.,* 32 AD3d 458 [2006]; see also *Nyack Hosp. v State Farm Mut. Auto. Ins. Co.,* 11 AD3d 664 [2004]). The plaintiff further argued that the defendant, having failed to serve a sufficient "NF-10" denial of claim form within the critical 30-day post-receipt-of-claim period, should be precluded from denying the claim (see generally *Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co.,* 90 NY2d 274 [1997]; *St. Vincent's Hosp. & Med. Ctr. v Nationwide Mut. Ins. Co.,* 42 AD3d 523 [2007]; *Westchester Med. Ctr. v Safeco Ins. Co. of Am.,* 40 AD3d 984 [2007]).

We agree with the Supreme Court that the plaintiff's moving papers failed to establish that the "NF-10" denial of claim form was so vague or deficient as to not qualify as a proper response under 11 NYCRR 65-3.4 (c) (11). Moreover, the "NF-10" denial of claim form was issued within 30 days as required by Insurance Law § 5106 (a) and 11 NYCRR 65-3.8 (c) (1) (see *Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co.,* 90 NY2d at 278; *St. Vincent's Hosp. & Med. Ctr. v Nationwide Mut. Ins. Co.,* 42 AD3d at 524). Accordingly, the plaintiff failed to establish, prima facie, its entitlement to summary judgment (see *Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]), and we need not reach the sufficiency of the defendant's opposing papers (see *Ayotte v Gervasio,* 81 NY2d 1062 [1993]).

In light of our determination, we decline to take judicial notice of certain diagnostic codes contained on the "UB-92" form.

Motion by the appellant on an appeal from an order of the Supreme Court, Nassau County, dated March 30, 2007, to strike the respondent's brief on the ground that it raises issues which were not raised before the Supreme Court, Nassau County. By decision and order on motion of this Court dated September 5, 2007, the motion was referred to the bench hearing the appeal for determination upon the argument or submission of the appeal.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and the argument of the appeal, it is

Ordered that the motion is denied. Lifson, J.P., Dillon, Covello and McCarthy, JJ., concur.