■ St. Barnabas Hospital, as Assignee of Patrick Bateman, Respondent, et al., Plaintiff, v Allstate Insurance Company, Appellant. [887 NYS2d 657]—

In an action to recover no-fault medical payments under two insurance contracts, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Woodard, J.), entered September 25, 2008, as denied that branch of its motion which was pursuant to CPLR 5015 to vacate so much of a judgment of the same court entered May 15, 2008, as, upon its default in appearing or answering the complaint, is in favor of the plaintiff St. Barnabas Hospital, as assignee of Patrick Bateman, and against it in the principal sum of $4,309.64.

Ordered that the order is affirmed insofar as appealed from, with costs.

A defendant seeking to vacate a judgment entered upon its default in appearing or answering the complaint must demonstrate a reasonable excuse for its delay in appearing or answering, as well as a meritorious defense to the action (see CPLR 5015 [a] [1]; Westchester Med. Ctr. v Hartford Cas. Ins. Co., 58 AD3d 832, 832 [2009]; Verde Elec. Corp. v Federal Ins. Co., 50 AD3d 672, 672-673 [2008]).

"A proper denial of [a] claim [for no-fault benefits] must include the information called for in the prescribed denial of claim form (see 11 NYCRR 65-3.4 [c] [11]) and must 'promptly apprise the claimant with a high degree of specificity of the ground or grounds on which the disclaimer is predicated' " (Nyack Hosp. v State Farm Mut. Auto. Ins. Co., 11 AD3d 664, 664 [2004], quoting General Acc. Ins. Group v Cirucci, 46 NY2d 862, 864 [1979]). However, a timely denial of a no-fault insurance medical claim alone does not avoid preclusion where said denial is factually insufficient, conclusory, vague, or otherwise involves a defense which has no merit as a matter of law (see Nyack Hosp. v Metropolitan Prop. & Cas. Ins. Co., 16 AD3d 564, 565 [2005]).

The defendant insurer, Allstate Insurance Company (hereinafter Allstate), issued a timely denial of claim within 30 days of its receipt of the completed hospital facility form (NYS Form N-F 5) from the plaintiff St. Barnabas Hospital, as assignee of Patrick Bateman (hereinafter the plaintiff) (see 11 NYCRR 65-

3.5 [g]; 65-3.8 [c]). Contrary to Allstate's contention, however, the Supreme Court properly determined that the denial of claim, which incorrectly stated the amount of the claim and gave an invalid reason for the denial (*see* 11 NYCRR 65-3.3 [d]; 65-3.5 [g]; *see also Westchester Med. Ctr. v Lincoln Gen. Ins. Co.*, 60 AD3d 1045, 1046 [2009]; *Nyack Hosp. v Encompass Ins. Co.*, 23 AD3d 535, 536 [2005]), was fatally defective (*see Nyack Hosp. v Metropolitan Prop. & Cas. Ins. Co.*, 16 AD3d at 565; *Nyack Hosp. v State Farm Mut. Auto. Ins. Co.*, 11 AD3d at 665; *Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co.*, 226 AD2d 613, 614 [1996]). Thus, Allstate failed to demonstrate the existence of a meritorious defense (*see* CPLR 5015 [a] [1]).

Accordingly, the Supreme Court properly denied that branch of Allstate's motion which was pursuant to CPLR 5015 to vacate so much of a judgment of the same court entered May 15, 2008, as, upon its default in appearing or answering the complaint, is in favor of the plaintiff and against it in the principal sum of $4,309.64. Skelos, J.P., Covello, Santucci and Balkin, JJ., concur.