■ St. Barnabas Hospital, as Assignee of Michael Cole, Appellant, v Penrac, Inc., Doing Business as Enterprise Rent A Car, Respondent. [911 NYS2d 920]—

In an action to recover no-fault medical payments, the plaintiff appeals from an order of the Supreme Court, Nassau County (Parga, J.), entered June 30, 2010, which denied its motion for summary judgment on the complaint and granted the defendant's cross motion for summary judgment dismissing the complaint on the ground that the claim was untimely.

Ordered that the order is affirmed, with costs.

In this action to recover no-fault medical payments, the plaintiff St. Barnabas Hospital (hereinafter the hospital) moved for summary judgment, contending that its claim had properly been submitted to the defendant and that the defendant's denial of the claim as untimely was invalid because the denial of claim form mistakenly identified the hospital's collection agent, rather than the hospital, as the claimant and provider of services. The defendant cross-moved for summary judgment dismissing the complaint, contending that the action should be dismissed because the claim was not submitted within the 45-day limit set forth in 11 NYCRR 65-2.4 (c). The Supreme Court properly denied the hospital's motion and granted the defendant's cross motion.

The defendant demonstrated its prima facie entitlement to judgment as a matter of law by establishing that it timely denied the subject claim on the ground that the hospital did not submit the claim until approximately 18 months after services were rendered to the patient, a period well beyond that called for in the applicable regulation (see 11 NYCRR 65-2.4 [c]). The hospital did not provide any clear and reasonable justification for the delay in response to the denial. Moreover, the hospital failed to raise a triable issue of fact in opposition to the defendant's motion, specifically in connection with its argument that the denial of the claim was invalid. In this regard, while the hospital based its own motion for summary judgment, and its opposition to the defendant's motion, on its assertion that the defendant's denial of claim form contained errors which rendered it fatally defective and a nullity (see e.g. St. Barnabas Hosp. v Allstate Ins. Co., 66 AD3d 996 [2009]; Nyack Hosp. v Metropolitan Prop. & Cas. Ins. Co., 16 AD3d 564 [2005]; Nyack Hosp. v State Farm Mut. Auto. Ins. Co., 11 AD3d 664 [2004]), the errors complained of were inconsequential and posed no possibility of confusion or prejudice to the hospital under the circumstances of this case. Accordingly, the defendant fulfilled its obligation to "include the information called for in the prescribed denial of claim form" and to "promptly apprise the

[hospital] with a high degree of specificity of the ground" for the denial of no-fault benefits (*St. Barnabas Hosp. v Allstate Ins. Co.*, 66 AD3d at 996 [internal quotation marks omitted]).

In view of the foregoing, we need not reach the defendant's remaining contentions. Mastro, J.P., Dillon, Eng and Chambers, JJ., concur.