■ St. Vincent's Hospital & Medical Center, as Assignee of Tula Huillca, Appellant, v New Jersey Manufacturers Insurance Company, Respondent. [918 NYS2d 356]—

"A proper denial of [a] claim [for no-fault benefits] must include the information called for in the prescribed denial of claim form (*see* 11 NYCRR 65-3.4 [c] [11]) and must 'promptly apprise the claimant with a high degree of specificity of the ground or grounds on which the disclaimer is predicated' " (*Nyack Hosp. v State Farm Mut. Auto. Ins. Co.*, 11 AD3d 664, 664 [2004], quoting *General Acc. Ins. Group v Cirucci*, 46 NY2d 862, 864 [1979]). However, a timely denial of a no-fault insurance medical claim alone does not avoid precluding an insurer from disclaiming or denying liability where the denial is factually insufficient, conclusory, vague, or otherwise involves a defense which has no merit as a matter of law (*see Nyack Hosp. v Metropolitan Prop. & Cas. Ins. Co.*, 16 AD3d 564, 565 [2005]).

The plaintiff, St. Vincent's Hospital & Medical Center, as assignee of Tula Huillca, demonstrated its prima facie entitlement to judgment as a matter of law. While the defendant insurer timely issued two denials of claim within 30 days of its receipt of the completed hospital facility forms (NYS form N-F 5), those denials of claim, which incorrectly stated the amount of the bill and the amount in dispute, and incorrectly listed Tula Huillca as the applicant for benefits instead of the plaintiff, were fatally defective (*see St. Barnabas Hosp. v Allstate Ins. Co.*, 66 AD3d 996, 996-997 [2009]; *Nyack Hosp. v Metropolitan Prop. & Cas. Ins. Co.*, 16 AD3d at 565). In opposition, the defendant failed to raise a triable issue of fact.

Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the complaint, and denied the defendant's cross motion for summary judgment dismissing the complaint. Dillon, J.P., Dickerson, Hall and Roman, JJ., concur.

---

Motion by the respondent on an appeal from an order of the Supreme Court, Nassau County, entered April 23, 2010, to strike Point I of the appellant's reply brief on the ground, inter alia, that it improperly raises issues for the first time on appeal. Cross motion by the appellant to strike lines 11 through 19 of page 3 of the respondent's brief on the ground that those lines refer to matter dehors the record. By decision and order on motion of this Court dated December 6, 2010, the motion and cross motion were held in abeyance and referred to the panel of Jus-

tices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and cross motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the motion is granted and Point I of the appellant's reply brief is deemed stricken and has not been considered in the determination of the appeal; and it is further,

Ordered that the cross motion is denied. Dillon, J.P., Dickerson, Hall and Roman, JJ., concur.