NYU-Hospital for Joint Diseases, as Assignee of Gudrun Cancian, Appellant, v Esurance Insurance Company, Respondent. [923 NYS2d 686]—

In an action to recover no-fault medical payments under an insurance contract, the plaintiff, NYU-Hospital for Joint Diseases, as assignee of Gudrun Cancian, appeals from an order of the Supreme Court, Nassau County (McCarty III, J.), entered September 3, 2009, which denied its motion for summary judgment on the complaint.

Ordered that the order is affirmed, with costs.

On August 2, 2008, Gudrun Cancian was hospitalized at NYU-Hospital for Joint Diseases (hereinafter the hospital) after being injured in an automobile accident. She had been driving a vehicle insured by the defendant, Esurance Insurance Company (hereinafter Esurance). On September 5, 2008, the hospital, as

Cancian's assignee, mailed, among other things, an NF-5 form to Esurance, seeking payment of Cancian's hospital bill. Esurance issued a denial of claim, which incorrectly stated the amount of the claim and the amount in dispute. Esurance denied the claim, inter alia, because Cancian allegedly was intoxicated at the time of the accident.

The hospital then commenced this action seeking payment of its bill, and moved for summary judgment on the complaint arguing, among other things, that the denial of claim was untimely, fatally defective for the above-mentioned mistakes, and that Esurance's defense that Cancian was intoxicated was unsupported by the evidence.

"A proper denial of [a] claim [for no-fault benefits] must include the information called for in the prescribed denial of claim form (see 11 NYCRR 65-3.4 [c] [11]) and must 'promptly apprise the claimant with a high degree of specificity of the ground or grounds on which the disclaimer is predicated' " (St. Barnabas Hosp. v Allstate Ins. Co., 66 AD3d 996, 996 [2009], quoting Nyack Hosp. v State Farm Mut. Auto. Ins. Co., 11 AD3d 664, 664 [2004]). A timely denial of a no-fault insurance medical claim alone does not, however, avoid preclusion where the "denial is factually insufficient, conclusory, vague or otherwise involves a defense which has no merit as a matter of law" (Nyack Hosp. v State Farm Mut. Auto. Ins. Co., 11 AD3d at 665).

Here, the hospital established its prima facie entitlement to judgment as a matter of law based on the untimeliness of the denial of claim. It submitted evidentiary proof that the prescribed statutory billing forms were mailed and received, and that payment of no-fault benefits was overdue (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]; Westchester Med. Ctr. v State Farm Mut. Auto. Ins. Co., 44 AD3d 750, 752 [2007]; Nyack Hosp. v Metropolitan Prop. & Cas. Ins. Co., 16 AD3d 564 [2005]).

In opposition to the motion, however, Esurance raised a triable issue of fact as to whether the denial of claim was timely issued by submitting the affidavit of an employee with knowledge of its "standard office practices or procedures designed to ensure that items were properly addressed and mailed" (St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d at 1124), wherein he attested that a denial of claim was timely issued to the hospital. We note that while the denial of claim contained errors, they were not significant by themselves, and did not pose any possibility of confusion or prejudice to the hospital under the circumstances; thus, the denial was not rendered a nullity (see St. Barnabas Hosp. v Penrac, Inc., 79

AD3d 733, 734 [2010]; *see also Westchester Med. Ctr. v Government Empls. Ins. Co.*, 77 AD3d 737, 738 [2010]).

Further, Esurance raised a triable issue of fact as to whether Cancian was "injured as a result of operating a motor vehicle while in an intoxicated condition" (Insurance Law § 5103 [b] [2]). Contrary to the hospital's contention, the personal observations of the police officer present at the scene of the accident as recorded in the police accident report were properly considered by the Supreme Court under the business record exception to the hearsay rule (see CPLR 4518 [a]; *Westchester Med. Ctr. v State Farm Mut. Auto. Ins. Co.*, 44 AD3d at 753).

Accordingly, the Supreme Court properly denied the hospital's motion for summary judgment on the complaint. Prudenti, P.J., Angiolillo, Dickerson and Roman, JJ., concur.