■ MOUNT SINAI HOSPITAL, as Assignee of Meilun Chun, et al., Plaintiffs, and NEW YORK AND PRESBYTERIAN HOSPITAL, as Assignee of Gregory Berkley, Respondent, v GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant. [926 NYS2d 295]—

In an action to recover no-fault medical payments under certain insurance policies, the defendant appeals from an order of the Supreme Court, Nassau County (Marber, J.), entered June 29, 2010, which granted the motion of the plaintiff New York and Presbyterian Hospital, as assignee of Gregory Berkley, for summary judgment on the fourth cause of action.

Ordered that the order is reversed, on the law, with costs, and the motion of the plaintiff New York and Presbyterian Hospital, as assignee of Gregory Berkley, for summary judgment on its fourth cause of action is denied.

The plaintiff New York and Presbyterian Hospital, as assignee of Gregory Berkley (hereinafter the hospital), made a prima facie showing of entitlement to judgment as a matter of law with respect to the fourth cause of action to recover no-fault medical payments by demonstrating that the necessary billing forms had been mailed to and received by the defendant and that the defendant had failed to either pay or deny the claim within the requisite 30-day period (*see* Insurance Law § 5106 [a]; 11 NYCRR 65-3.5; *Hospital for Joint Diseases v Travelers Prop. Cas. Ins. Co.*, 9 NY3d 312, 317-318 [2007]; *Westchester Med. Ctr. v New York Cent. Mut. Fire Ins. Co.*, 81 AD3d 929 [2011]; *Westchester Med. Ctr. v Lincoln Gen. Ins. Co.*, 60 AD3d 1045, 1046 [2009]).

However, in opposition, the defendant raised a triable issue of fact as to whether it issued a denial of claim form dated April 2, 2008, to the hospital (*see NYU-Hospital for Joint Diseases v Esurance Ins. Co.*, 84 AD3d 1190 [2011]; *St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co.*, 50 AD3d 1123, 1124 [2008]). Accordingly, the Supreme Court should have denied the hospital's motion for summary judgment on its fourth cause of action. Rivera, J.P., Eng, Roman and Miller, JJ., concur.