OPINION OF THE COURT
Memorandum.
Ordered that the judgment is reversed, with $30 costs, the order granting plaintiffs motion for summary judgment is vacated and plaintiffs motion for summary judgment is denied.
In this action by a provider to recover assigned first-party no-fault benefits, defendant appeals from an order of the Civil Court which granted plaintiffs motion for summary judgment. After judgment was entered awarding plaintiff the principal sum of $5,206.18, defendant appealed from the order. The notice of appeal from the order is deemed to be a notice of appeal from the judgment {see CPLR 5512 [a]).
Since defendant specifically declines, for the purposes of this appeal, to contest the Civil Court’s finding that plaintiff established its prima facie case, we do not pass upon the propriety of the Civil Court’s determination with respect thereto.
The Civil Court determined that defendant had failed to raise a triable issue of fact based solely upon its finding that defendant had failed to establish that it had issued an NF-10 denial of claim form in duplicate. Insurance Department Regulations (11 NYCRR) § 65-3.8 (c) (1) requires that “[i]f the insurer denies a *68 claim in whole or in part involving elements of basic economic loss . . . the insurer shall notify the applicant or the authorized representative on the prescribed denial of claim form, in duplicate.” The regulation further provides that, where a denial involves a portion of a health provider’s bill, the insurer may alternatively make such a denial on a form or letter approved by the Department of Insurance, which is also to be issued in duplicate {id.). This requirement is presumably met by enclosing two copies of the denial in the same envelope. While defendant alleged that it had mailed a denial of claim form which denied the claim at issue based upon a lack of medical necessity, it did not allege that it had enclosed two copies of that denial in the same envelope. The Civil Court therefore found, in effect, that defendant’s defense of lack of medical necessity was precluded because it was not preserved in proper duplicate copies of the denial of claim form submitted to plaintiff.
In Excel Imaging, P.C. v MVAIC (27 Misc 3d 141[A], 2010 NY Slip Op 50998[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]), this court held that the defendant’s failure to prove that it had issued the denial in duplicate, an issue that had been raised by the plaintiff in opposition to the defendant’s motion for summary judgment, required the denial of the motion. This court relied upon the language in New York Univ. Hosp. Rusk Inst. v Hartford Acc. & Indem. Co. (32 AD3d 458, 460 [2006]), which was also an action by a provider to recover assigned first-party no-fault benefits. In Rusk, the defendants had partially paid and partially denied the plaintiffs claim. The denial was timely, but, instead of using the prescribed denial of claim form (the NF-10 form), the defendants had used a letter to deny the claim. The Appellate Division, Second Department, noted that the defendants were permitted to use a letter in such circumstances (see Insurance Department Regulations [11 NYCRR] § 65-3.8 [c] [1]), but found that the defendants were nonetheless precluded from raising their asserted defenses, stating that the “defendants failed to establish that the letter had been issued in duplicate and approved by the Department of Insurance” (Rusk, 32 AD3d at 460).
On this appeal, plaintiff does not claim that the information contained in the prescribed denial of claim form was insufficient, conclusory or vague, nor does it contend that it was in any way deprived of prompt, specific notice as to the reasons for the denial. It is noted that, subsequent to Rusk, the Appellate Division has found that other errors in denials should not be *69 considered fatal when such errors do not pose the possibility of any prejudice to the claimant (see e.g. NYU-Hospital for Joint Diseases v Esurance Ins. Co., 84 AD3d 1190, 1191 [2011] [finding that a denial was not “rendered a nullity” by possible errors when such errors “were not significant by themselves, and did not pose any possibility of confusion or prejudice to the (plaintiff) under the circumstances”]; Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168, 1169 [2010] [“minor factual discrepancy” did not invalidate a denial which “was not conclusory or vague, and did not otherwise involve a defense which had no merit as a matter of law”]). Upon reviewing the language in Rusk, we note that the Appellate Division did not base its decision therein solely on the defendants’ failure to serve the denial in duplicate. Rather, the Court noted both that the defendants had failed to use the prescribed form for the denial without obtaining approval from the Department of Insurance for the letter they had used and that they had not issued the letter in duplicate. In Excel, this court, in effect, took the position that either one of the aforementioned grounds, standing alone, would constitute a fatal defect rendering the denial of claim a nullity. However, in light of the Appellate Division cases decided after Rusk, we are no longer of the opinion that the failure to send a denial in duplicate should, on its own, be considered a fatal error that would prevent a defendant from being able to raise any otherwise meritorious, but precludable, defenses.
This is especially true as we see no benefit that a claimant would obtain by receiving two copies of the same prescribed denial of claim form in the same mailing and, thus, we do not see any prejudice to a claimant if it does not receive such a duplicate copy (see Prime Psychological Seros., P.C. v American Tr. Ins. Co., 20 Misc 3d 844, 850 [Civ Ct, Richmond County 2008] [discussing the requirement of duplicate denials and stating that “since the regulations set forth that both the original (NF-10) form and its duplicate shall be served on the medical provider, the service of the duplicate (NF-10) is basically redundant”]; see also NYU-Hospital for Joint Diseases, 84 AD3d at 1191). To the extent that Excel Imaging, PC. (27 Misc 3d 141[A], 2010 NY Slip Op 50998[U]) holds otherwise, it should no longer be followed.
As we find that defendant’s lack of medical necessity defense is not precluded, we turn to the merits of this defense. Defendant raised a triable issue of fact in opposition to plaintiffs mo *70 tion for summary judgment since the affidavits submitted by defendant established that it had timely issued the subject denial of claim form (see St. Vincent’s Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]; Delta Diagnostic Radiology, P.C. v Chubb Group of Ins., 17 Misc 3d 16 [App Term, 2d Dept, 2d & 11th Jud Dists 2007]), and the sworn peer review report submitted by defendant set forth a factual basis and medical rationale for the determination that there was a lack of medical necessity for the services provided 0see e.g. Delta Diagnostic Radiology, P.C. v Integon Natl. Ins. Co., 24 Misc 3d 136[A], 2009 NY Slip Op 51502[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]; A. Khodadadi Radiology, RC. v N.Y. Cent. Mut. Fire Ins. Co., 16 Misc 3d 131[A], 2007 NY Slip Op 51342[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2007]).
Accordingly, the judgment is reversed, the order granting plaintiff’s motion for summary judgment is vacated and plaintiff s motion for summary judgment is denied.
Pesce, PJ, Weston and Rios, JJ., concur.