■ NYU-HOSPITAL FOR JOINT DISEASES, as Assignee of Martha G. Lopez, Respondent, et al., Plaintiff, v ALLSTATE INSURANCE COMPANY, Appellant. [1 NYS3d 114]—

In an action to recover no-fault benefits under a policy of automobile insurance, the defendant appeals from a judgment of the Supreme Court, Nassau County (Brandveen, J.), entered September 26, 2013, which, upon an order of the same court

entered September 10, 2013, granting that branch of the plaintiffs' motion which was for summary judgment on the first cause of action, is in favor of the plaintiff NYU-Hospital for Joint Diseases, as assignee of Martha G. Lopez, and against it in the principal sum of $19,095.62.

Ordered that the judgment is reversed, on the law, with costs, that branch of the plaintiffs' motion which was for summary judgment on the first cause of action is denied, and the order entered September 10, 2013, is modified accordingly.

On October 18, 2012, Martha G. Lopez allegedly was injured in a motor vehicle accident. Approximately six months later, Lopez underwent surgery at the plaintiff NYU-Hospital for Joint Diseases (hereinafter the plaintiff). Lopez assigned her rights to no-fault benefits to the plaintiff. On October 18, 2012, the plaintiff mailed a copy of the NF-5 claim form to the defendant, Lopez's automobile insurance carrier. The defendant received it on or about October 20, 2012, and thereafter issued an NF-10 denial of claim form dated November 14, 2012. The plaintiff, while not disputing that the defendant had issued a denial of claim within 30 days after its receipt of the NF-5 claim form, asserted in its motion for summary judgment that the NF-10 form was "defective" because it "contain[ed] the wrong amount of the bill and the wrong amount in dispute." Upon an order entered September 10, 2013, granting that branch of the plaintiffs' motion which was for summary judgment on the first cause of action, the Supreme Court entered a judgment in favor of the plaintiff and against the defendant in the principal sum of $19,095.62.

Among the ways in which a no-fault insurer may comply with the "30 day rule" (see Insurance Law § 5106 [a]; 11 NYCRR 65-3.8 [a] [1]; [c]) is by issuing a "timely and sufficient" NF-10 denial of claim form within 30 days after its receipt of an NF-5 claim form (Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 114 AD3d 33, 46 [2013]). Nonprejudicial mistakes or omissions in an otherwise timely and proper "NF-10" denial of claim form are not necessarily fatal (see Wyckoff Hgts. Med. Ctr. v Government Empls. Ins. Co., 114 AD3d 855 [2014]; NYU-Hospital for Joint Diseases v Esurance Ins. Co., 84 AD3d 1190, 1191-1192 [2011]; St. Barnabas Hosp. v Penrac, Inc., 79 AD3d 733, 734 [2010]; see also Westchester Med. Ctr. v Government Empls. Ins. Co., 77 AD3d 737, 738 [2010]; cf. St. Vincent's Hosp. & Med. Ctr. v New Jersey Mfrs. Ins. Co., 82 AD3d 871 [2011]; Nyack Hosp. v State Farm Mut. Auto. Ins. Co., 11 AD3d 664 [2004]). Here, the papers submitted in support of the plaintiffs' motion for summary judgment included a copy of the defend-

ant's NF-10 denial of claim form. Contrary to the plaintiff's contention, the NF-10 form was timely and sufficient. Under the circumstances of this case, the plaintiffs did not meet their prima facie burden of establishing their entitlement to judgment as a matter of law (see *Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co.*, 114 AD3d at 46). Accordingly, the Supreme Court should have denied that branch of the plaintiffs' motion which was for summary judgment on the first cause of action, regardless of the sufficiency of the papers submitted by the defendant in opposition to the motion (see *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Dillon, J.P., Miller, Maltese and Duffy, JJ., concur.