[9 NYS3d 523]

STRACAR MEDICAL SERVICES, P.C., as Assignee of Michael Fonseca, Appellant, v STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent.

Supreme Court, Appellate Term, Second Department,
2d, 11th and 13th Judicial Districts, March 2, 2015

### APPEARANCES OF COUNSEL

*Fuld & Karp, P.C.*, Brooklyn (*Cheryl Scher* of counsel), for appellant.

*Rivkin Radler LLP*, Uniondale (*Evan H. Krinick, Cheryl F. Korman* and *Stuart M. Bodoff* of counsel), for respondent.

### OPINION OF THE COURT

MEMORANDUM.

Ordered that the order is affirmed, with $25 costs.

In this action by a provider to recover assigned first-party no-fault benefits, the Civil Court granted defendant's motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for summary judgment, finding that defendant demonstrated that plaintiff had failed to appear for duly scheduled examinations under oath (EUOs).

It is undisputed that plaintiff's patient, the assignor herein, initially granted plaintiff the right to bill defendant and receive direct no-fault payments from defendant by executing an "authorization to pay" on a prescribed NF-3 form, and that he executed a prescribed assignment of benefits in favor of plaintiff at a later date. Plaintiff's main argument on appeal is that, because plaintiff was not the eligible injured person's (EIP's)

assignee at the time plaintiff submitted the NF-3 forms to defendant, the language in the mandatory personal injury protection (PIP) endorsement (11 NYCRR 65-1.1 [d] [Section I, Conditions, Proof of Claim]), which requires "the eligible injured person or that person's assignee or representative" to "submit to examinations under oath," did not require plaintiff to submit to an EUO, and, thus, defendant's proffered defense, that plaintiff failed to appear for duly scheduled EUOs, lacks merit. In our view, the Civil Court properly rejected this argument, as we find that, pursuant to the regulations, both the recipient of an assignment of benefits and the recipient of an authorization to pay are required to submit to a duly scheduled EUO.

11 NYCRR 65-3.11 (a) states that an insurer shall pay benefits to an EIP "or, upon assignment by the applicant [or the applicant's parent or legal guardian or any person legally responsible for necessities], shall pay benefits directly to providers of health care services." 11 NYCRR 65-3.11 (b) provides two ways in which a health care provider can receive direct payment from the insurer—by submitting an "authorization to pay benefits as contained on NYS form NF-3, NF-4 or NF-5" (hereinafter prescribed authorization), or by submitting an assignment of benefits on an NF-3, NF-4, NF-5 or form NF-AOB (hereinafter prescribed assignment) (11 NYCRR 65-3.11 [b] [1], [2]). The prescribed authorization specifically states that the EIP retains "all rights, privileges and remedies" under the No-Fault Law; in contrast, the prescribed assignment states that such "rights, privileges and remedies" are assigned to the health care provider (which allows the provider to commence an action against the insurer to recover no-fault benefits). While the regulations clearly specify that a prescribed authorization and a prescribed assignment are different with respect to whether there is a transfer of rights, there is nothing in the prescribed assignment or prescribed authorization, both of which require the signatures of the EIP and the provider in order to be properly executed, differentiating between the two with respect to the EIP's obligations (such as the requirement to submit to an EUO). Furthermore, in the provision dealing with direct payments to a health care provider, the regulations seem to conflate the prescribed assignment and the prescribed authorization. While an insurer is required to pay benefits directly to a provider "upon assignment by the applicant" pursuant to 11 NYCRR 65-3.11 (a), the word "assignment" in this context is not limited to a prescribed assignment, and indeed

includes a prescribed authorization, since, pursuant to 11 NYCRR 65-3.11 (b), a provider demonstrates such "assignment" by submitting either a properly executed prescribed authorization or a properly executed prescribed assignment. Inasmuch as an "assignee" clearly must submit to an EUO, the regulations should be read to impose this obligation upon the recipient of both a properly executed prescribed authorization and a properly executed prescribed assignment.

Even if we did not find that a prescribed authorization falls within the umbrella of the word "assignment" as used in 11 NYCRR 65-3.11 (a), we would still hold that the recipient of an authorization to pay is obligated to submit to an EUO. This is because, in addition to requiring the EIP or that person's assignee to submit to an EUO, the PIP endorsement also obligates the EIP's representative to submit to an EUO. Written proof of claim may be submitted to an insurer by the EIP's representative (*see* 11 NYCRR 65-1.1), and the recipient of a properly executed prescribed authorization who submits proof of claim is clearly acting as the EIP's representative under those circumstances since the EIP retains "all rights, privileges and remedies." Accordingly, plaintiff, as the entity which submitted the claim forms to defendant, was obligated to submit to an EUO whether such entity be viewed as its patient's assignee or as his representative.

Plaintiff's remaining argument is improperly raised for the first time on appeal. It is, in any event, without merit (*see St. Barnabas Hosp. v Penrac, Inc.*, 79 AD3d 733, 734 [2010]).

Accordingly, the order is affirmed.

PESCE, P.J., WESTON and ALIOTTA, JJ., concur.