Sheepshead Bay Med. Supply, Inc. v Erie Ins. Co. of N.Y. (2021 NY Slip Op
50491(U))

[*1]

Sheepshead Bay Med. Supply, Inc. v Erie Ins. Co. of N.Y.

2021 NY Slip Op 50491(U) [71 Misc 3d 140(A)]

Decided on May 21, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 21, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, DAVID ELLIOT, JJ

2020-158 K C

Sheepshead Bay Medical Supply, Inc., as
Assignee of Tiena Martinez, Appellant,
against
Erie Insurance Company of New York, Respondent.

Kopelevich & Feldsherova, P.C. (David Landfair of counsel), for appellant.
Robyn M. Brilliant, P.C. (Robyn M. Brilliant and Larry Rogak of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Rosemarie
Montalbano, J.), entered September 17, 2019. The order granted defendant's motion for summary
judgment dismissing the complaint.

ORDERED that the order is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals
from an order of the Civil Court entered September 17, 2019, which granted defendant's motion
for summary judgment dismissing the complaint on the ground that plaintiff's assignor had failed
to appear for duly scheduled independent medical examinations. 
Contrary to plaintiff's assertion, defendant established that it had mailed the NF-10 denial of
claim forms at issue in duplicate. The affirmation of plaintiff's counsel in opposition to
defendant's motion for summary judgment was insufficient to raise a triable issue of fact, as
counsel did not demonstrate that he had personal knowledge of the facts (see Zuckerman v
City of New York, 49 NY2d 557 [1980]). To the extent that plaintiff contends that it was
prejudiced by defendant's improper use of "outdated" denial of claim forms, the denial forms at
issue are not fatally defective, as they contain substantially the same, pertinent information as the
prescribed form (see 11 NYCRR 65-3.8 [c] [1]; NYU-Hospital for Joint Diseases v
Allstate Ins. Co., 123 AD3d 781 [2014]; see also 11 NYCRR 65-3.8 [h]). Plaintiff's
remaining contention was improperly raised for the first time on appeal and, in any event, lacks
merit.
Accordingly, the order is affirmed.
ALIOTTA, P.J., WESTON and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 21, 2021