De Fex v 2606 Cropsey Ave., Inc. (2021 NY Slip Op 50490(U))

[*1]

De Fex v 2606 Cropsey Ave., Inc.

2021 NY Slip Op 50490(U) [71 Misc 3d 140(A)]

Decided on May 21, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 21, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, DAVID ELLIOT, JJ

2020-53 K C

Anthony De Fex, Appellant-Respondent,
against
2606 Cropsey Ave., Inc., Respondent-Appellant.

Anthony De Fex, appellant-respondent pro se.
Law Office of Edward Deignan, P.C. (Edward Deignan, Esq.), for respondent-appellant (no brief
filed).

Appeal from a judgment of the Civil Court of the City of New York, Kings County
(Consuelo M. Melendez, J.), entered July 18, 2019. The judgment, insofar as appealed from by
plaintiff, after a nonjury trial, dismissed his action. The judgment, insofar as cross-appealed from
by defendant, dismissed its counterclaim.

ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this small claims action to recover the principal sum of $3,000 for
"damages due to virtue of indemnification provided for under our corporation's bylaws."
Defendant interposed a counterclaim to recover for attorney's fees. Following a nonjury trial, the
Civil Court dismissed the action and defendant's counterclaim.
In a small claims action, our review is limited to a determination of whether "substantial
justice has . . . been done between the parties according to the rules and principles of substantive
law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000];
Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of
fact as to issues of credibility is given substantial deference, as a trial court's opportunity to
observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective
from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564
[1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with
greater force to judgments rendered in the Small Claims Part of the court (see Williams v
Roper, 269 AD2d at 126). 
Upon a review of the record, we find that the judgment rendered substantial justice between
the parties (see CCA 1804, 1807). Plaintiff failed to establish his entitlement to
indemnification, and defendant failed to establish the existence of an agreement, statute, or court
ruling entitling it to attorney's fees (see
Perry v Town of Huntington, 60 Misc 3d 45 [App Term, [*2]2d Dept, 9th & 10th Jud Dists 2018]).
Accordingly, the judgment is affirmed.
ALIOTTA, P.J., WESTON and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 21, 2021